[Crim. No. 9335.   Second Dist., Div. Three.   Dec. 3, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. CHONITO ZEPEDA et al., Defendants and Appellants.

---

Dahlstrum & Walton for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Calvin W. Torrance, Deputy Attorney General, for Plaintiff and Respondent.

RICHARDS, J. pro tem.*—Defendants, Chonito Zepeda and Evelyn Zepeda, husband and wife, were found guilty by the court of a violation of section 4573.6 of the Penal Code, a felony. Each appeals from the judgment.

The information charges that they ''did willfully, unlawfully and feloniously have in their possession amphetamine sulphate while in the Los Angeles County Jail (Road Camp No. 11), the said defendants not being then and there authorized to possess said amphetamine sulphate, by the rules of the Los Angeles County Jail, and said defendants not being then and there specifically authorized by the Jailer and other persons in charge of said County Jail to possess said drug.''

On January 27, 1963, Mrs. Zepeda came to County Road Camp No. 11 to visit Mr. Zepeda who had been confined for about five or six months for an undisclosed offense. She had visited him at the camp about six times previously. After sitting at one of the visiting tables for about three hours, Mr. Zepeda left the table and was asked by the guard, a deputy sheriff, to go to the dining room. There the officer asked Mr. Zepeda to place any articles in his possession on the table which Mr. Zepeda did, including a carton of cigarettes and two open packages of cigarettes, one of which contained

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

34 tablets of amphetamine sulphate.[1] Thereafter, and while still at the road camp, Mrs. Zepeda denied having brought into camp the pills in her husband's possession and denied having anything in her possession at that time which she should not have. She consented to a request of the guard to empty the contents of her purse. Having done so she was holding the purse in such a position that the guard could see the bottom of the inside and he reached down to the bottom and felt a lump under the cardboard liner which was only fastened at one side. He lifted the cardboard strip and found a package containing 128 of the same amphetamine sulphate pills found on Mr. Zepeda. She was then placed under arrest.

Section 4573.6 of the Penal Code provides, in pertinent part: "Any person having in his possession in any . . . county . . . road camp . . . where prisoners or inmates are being held under the custody of any sheriff, . . . or within the grounds belonging to any such jail, road camp, . . . any narcotics, or drugs in any manner, . . . or alcoholic beverage, without being authorized to so possess the same by the rules of the . . . camp, . . . or by the specific authorization of the . . . jailer or other person in charge of the . . . camp, . . . is guilty of a felony."

One of the elements of the offense of possessing drugs under the foregoing section of the Penal Code is that the person so possessing them has not been "authorized to so possess the same by the rules of the . . . camp, . . . or by the specific authorization of the . . . jailer or other person in charge of the . . . camp. . . ." Appellants contend that the evidence is insufficient to support the conviction in that the People did not prove that appellants were unauthorized to have possession of the drug in the road camp either by the rules of the camp or by the specific authorization of the jailer or person in charge of the camp. The record is devoid of any evidence offered either by the People or the appellants as to camp rules or permission to possess the drug. In *People* v. *Ortiz,* 200 Cal.App.2d 250 [19 Cal.Rptr. 211], a conviction under section 4573.6, Penal Code, of possession of a drug in a county rehabilitation center was reversed on the ground, among others, of such failure of proof, the court saying at page 257: "In view of the necessity of making positive proof that neither the rules nor the person in charge had given

---

[1]Amphetamine sulphate is a stimulant drug commonly known as "benzedrine" but is not a narcotic within the provisions of section 11001 of the Health and Safety Code.

permission for the issuance and possession of the drugs, there has been a failure of necessary proof on the part of the People." The People contend that under the Penal Code section in question permission to have possession either by the camp rules or authorization of the person in charge is a matter of affirmative defense and that the rule as contended by appellants and set forth in *Ortiz* would require the People to prove a negative. ■ The general rule as to proof of a negative averment in an information is "that where the negative of an issue does not permit direct proof, or where the facts come more immediately within the knowledge of the defendant, the *onus probandi* rests upon him." (*People* v. *Osaki,* 209 Cal. 169, 177, 178 [286 P. 1025].) The rule is therein referred to as "the rule of convenience or necessity." (P. 185.) The limited application of this rule is stated in *People* v. *Quarez,* 196 Cal. 404 at p. 412 [238 P. 363] as follows: "But this exception to the general rule has, in this state, been confined to that particular line of cases where it becomes necessary, in order to constitute the offense charged, for the prosecution to prove the nonexistence of a license required by law. The burden of the issue is put on the defendant in such cases because it is easy for him to meet it. But the rule should not be applied so as to make less imperative, in the enforcement of the law, the duty of the prosecution to establish the charge. In other words, any deviation from the general rule should be strictly confined to the principle of '*ab inconvenienti.*'" The rule of convenience has also been held to apply as to the necessity of proof of "lack of authority" in a prosecution for forgery (*People* v. *Hassen,* 144 Cal.App.2d 334, 341 [301 P.2d 80]; *People* v. *Caldwell,* 55 Cal.App.2d 238 [130 P.2d 495]); of nonnaturalization in a prosecution for possession of firearms by an alien (*People* v. *Quarez, supra; People* v. *Velasquez,* 70 Cal.App. 362 [233 P. 359]); or for violation of the Alien Land Act (*People* v. *Osaki, supra,* 209 Cal. 169, 177, 178). It has also been applied in a prosecution for possession of narcotics as to the necessity of proof that the defendant did not hold a " 'written order or prescription of a physician, dentist or veterinary surgeon' " authorizing possession of the narcotics. (*People* v. *Moronati,* 70 Cal.App. 17, 21 [232 P. 991].) It is clear that there is a manifold difference between requiring the People, on the one hand, to prove that no licensed physician, dentist, or veterinary surgeon had issued to a particular defendant a prescription to possess a narcotic and, on the other hand, to require the People to produce the jail

rules and the jailer to prove a lack of authorization of an inmate or visitor to possess a particular drug.

The People cite and rely on *Ex parte Hornef,* 154 Cal. 355 [97 P. 891], and *People* v. *Lawrence,* 198 Cal.App.2d 54 [18 Cal.Rptr. 196], which held that in an indictment or information charging a violation of a statute it is not required to negative an exception excusing the offense which is contained in another section of the statute or in a different statute. In the case at bench the information does negative the exception by charging possession without authority under the jail rules or jailer. The problem is not one of pleading but whether under the so-called rule of convenience the burden was upon the People to prove that the jail rules or the jailer did not authorize possession of the drug.

The contents of the jail rules and the fact, if it was a fact, that the jailer did not authorize either defendant to possess the drug within the road camp, is susceptible of direct proof and neither fact is more immediately within the knowledge of the defendants than of the jailer. We are impelled to the view that "the rule of convenience or necessity" may not be properly applied to the charge in question and that there has been a failure of necessary proof on the part of the People in failing to prove that neither the rules nor the person in charge had given permission for the possession of the drug.

The judgment as to each defendant is reversed.

Shinn, P. J., and Files, J., concurred.