[No. A055953. First Dist., Div. Three. Apr. 26, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
NASHON CHAPMAN, Defendant and Appellant.

**COUNSEL**

Walter K. Pyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Christopher J. Wei and Sharon Rosen Leib, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### MERRILL, Acting P. J.—

#### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Nashon Chapman was charged by information in count 1 with brandishing a firearm in a threatening manner in a police officer's presence (Pen. Code,[1] § 417, subd. (b)) and in count 2 with being a felon in possession of a firearm (§ 12021). The information also alleged that Chapman had a prior felony conviction for possession of narcotics. He pleaded not guilty to the offenses and denied the allegation of a prior conviction.

Prior to jury selection the court and counsel discussed the question of whether appellant would admit the prior conviction. It was initially indicated that appellant would not admit the prior and the court stated: "All right, and Mr. Chapman realizes that that will make it clear to the jury that he has been convicted of that offense, and that they could be considering that, and that is an offense, possession of narcotics, which, should he take the stand and testify, I would not consider a crime of moral turpitude and therefore would not be usable to impeach him, impeach his credibility. But the jury will know about it if it has to be proven by the District Attorney. So he understands all that? Mr. Chapman, do you understand that?"

Chapman said he did not understand it, but after talking to his attorney the following colloquy took place:

"[Defense Counsel]: I cleared things up again with Mr. Chapman, and now he says that he would be willing to stipulate that the prior conviction is valid and true. Only the prior conviction of the 11350 which occurred on or about August 7, 1990.

"[The Court]: So that he's admitting—he would be admitting that element of the second count charged?

"[Defense Counsel]: Yes, only that element.

"[The Court]: And it would still be necessary to prove that he had in his possession and under his custody and control on the date of this incident, which is August 7, 1991, a rifle?

"[Defense Counsel]: Yes.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

"[The Court]: Okay. I'm going to go through a list of rights, Mr. Chapman, because there seems to be some question about whether or not you understand exactly what you would be admitting.

"It is charged in Count Two that you violated Section 12021 of the Penal Code in that on or about August 7, 1991, which is the date of the principal charge in this case, having been convicted of a felony on August 7, 1990, felony being possession of narcotics, you did on August 7, 1991 have in your possession and under your custody and control a firearm, to wit, a rifle. There are two general elements in that charge which must be proven by the District Attorney beyond a reasonable doubt. One of them is the prior conviction of possession of narcotics August 7, 1990. You are entitled to have that issue tried and determined beyond a reasonable doubt by either me, as the Court, or by the jury. If you waive that right, by your stipulation, then the only element that needs to be proven is that you had on August 7, 1991 a rifle. You will have admitted and incriminated yourself as to the one issue, and that being your prior conviction. You understand that?

"[The Defendant]: Yes.

"[The Court]: And do you waive the right to have a trial by court or jury on the issue of whether or not you had been convicted of possession of narcotics?

"[The Defendant]: Okay, yes."

After inquiry by the trial court as to Chapman's knowing and voluntary waiver of various rights by entering into the stipulation, the court stated: "So that it will have been found now, and the jury will not be told of the element that on August 7, 1990, he was convicted of possession of narcotics. The jury will be asked to make a finding under the second count that on August 7, 1991, he did then and there have in his possession and under his custody and control a firearm, to wit, a rifle. The testimony for that will be the same evidence as will be relevant to Count Number One."

Prior to voir dire examination the trial court informed the jury panel as to the nature of the case as follows: "Now the district attorney charges that about 4:00 in the morning on August 7, 1991, the police, Oakland police, responded to the 500 block of 25th Street in Oakland where gunshots were heard. Officer Timothy Kelly claims that the defendant threatened him with a rifle, and the officer shot the defendant in the arm. The defendant has pled not guilty." The court did not mention in its summary of the case that Chapman was charged with being a felon in possession of a firearm.

During jury voir dire, conducted by the trial court as required by Proposition 115, and as embodied in section 223 of the Code of Civil Procedure,[2] defense counsel did not request and the court did not undertake any examination concerning any bias or prejudice jurors might feel toward Chapman due to a prior felony conviction.

Prior to the completion of jury selection and the jury being sworn, and out of the presence of the prospective jurors, the trial court stated that "the second count [of the information] would be read deleting reference to the specific felony conviction." The trial court explained that the jury would be informed Chapman was convicted of a felony but they would not be told the nature of the conviction. Defense counsel vigorously objected to the court's interpretation of the stipulation. He moved for a mistrial on the grounds that the potential jurors were not questioned about any prejudice or bias that they may have toward a defendant who has previously been convicted of a felony. Defense counsel explained that his understanding of the stipulation was that no mention would be made of Chapman's felony conviction.

The trial court denied the request for mistrial, ruling that because of the stipulation any questions to the jury concerning prejudice they might harbor toward Chapman because of his felony conviction would have been speculative and argumentative. The court stated it would not have allowed any questions to that effect during voir dire and it denied the request that it then examine the jurors in this regard. The trial court did give Chapman the option of being relieved of his stipulation but without the opportunity for the voir dire examination then being sought by defense counsel. Chapman declined to withdraw from the stipulation. At the conclusion of the trial testimony the trial court instructed the jury that with respect to the charge of being a felon in possession of a firearm, the defendant's previous felony conviction had already been established by stipulation, so no further proof of that fact was required.

## DISCUSSION

■■■ Appellant contends that the rulings of the trial court which eliminated any opportunity for voir dire examination in respect to the ability of

[2]This statute provides: "In a criminal case, the court shall conduct the examination of prospective jurors. However, the court may permit the parties, upon a showing of good cause, to supplement the examination by such further inquiry as it deems proper, or shall itself submit to the prospective jurors upon such a showing, such additional questions by the parties as it deems proper. Voir dire of any prospective jurors shall, where practicable, occur in the presence of the other jurors in all criminal cases, including death penalty cases. [¶] Examination of prospective jurors shall be conducted only in aid of the exercise of challenges for cause. [¶] The trial court's exercise of its discretion in the manner in which voir dire is conducted shall not cause any conviction to be reversed unless the exercise of that discretion has resulted in a miscarriage of justice, as specified in Section 13 of Article VI of the California Constitution."

the prospective jurors to be fair and impartial if they learned that appellant was a convicted felon, constituted reversible error. We agree.

■ Voir dire is critical to assure that the Sixth Amendment right to a fair and impartial jury will be honored. "Without an adequate *voir dire* the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled." (*Rosales-Lopez* v. *United States* (1981) 451 U.S. 182, 188 [68 L.Ed.2d 22, 28, 101 S.Ct. 1629].)

■ The exercise of discretion by trial judges under the new system of court-conducted voir dire is accorded considerable deference by appellate courts. (*People* v. *Taylor* (1992) 5 Cal.App.4th 1299, 1313 [7 Cal.Rptr. 2d 676].) A trial court has significant discretion with respect to the particular questions asked and areas covered in voir dire. (See *Rosales-Lopez* v. *United States, supra,* 451 U.S. at p. 189 [68 L.Ed.2d at p. 29], discussing deference accorded to federal judges under court-conducted voir dire, rule 24(a) of the Fed. Rules Crim.Proc.) The failure to ask specific questions is reversed only for abuse of discretion. Abuse of discretion is found if the questioning is not reasonably sufficient to test the jury for bias or partiality. (*People* v. *Chaney* (1991) 234 Cal.App.3d 853, 861 [286 Cal.Rptr. 79], citing *United States* v. *Jones* (9th Cir. 1983) 722 F.2d 528, 529; *United States* v. *Baldwin* (9th Cir. 1979) 607 F.2d 1295, 1297.)

"[W]here . . . the trial judge so limits the scope of voir dire that the procedure used for testing does not create any reasonable assurances that prejudice would be discovered if present, he commits reversible error." (*United States* v. *Baldwin, supra,* 607 F.2d at p. 1298.)

■ The barring of any questions concerning possible prejudice or bias toward Chapman due to his prior felony conviction resulted in a failure to test the jury for impartiality and constituted an abuse of discretion. The denial of any examination in this area prevented the court from fulfilling its obligation to remove any prospective jurors who may have been unable to follow the court's instruction and impartially view the evidence. The trial court failed to guarantee Chapman his Sixth Amendment right to an impartial jury. The court had no knowledge of whether the potential jurors had prejudices toward an individual convicted of a felony which would prevent them from being fair and impartial in deciding the case. The trial court's omission in this regard constituted an error necessitating our reversal of the judgment.

In a case where a defendant's prior conviction was to come before the jury for purposes of impeachment, our Supreme Court, over 60 years ago,

quoting from an opinion of the Court of Appeal, stated: " '. . . Whether or not a prospective juror will be influenced by knowledge of any such previous offense, whether he will be governed by the rule of law which rigidly excludes such a consideration, and whether or not if chosen as a juror, he will obey an instruction by the court to dismiss from his mind all consideration of any separate and different offense of which he may have obtained knowledge in any way, except for purposes of impeachment, is a question of vital importance to an accused person in the circumstances of the defendant here. [¶] . . . There was no fact more fundamental to his defense than that he should select a jury which would not be biased by this fact, and regard it as evidence in the case from which they might find or presume his guilt of the charges upon which he was being tried. He had a right to inquire of the panel fully as to the existence of any such bias to enable him to secure his constitutional right of trial before a legally qualified jury.' " (*People* v. *Ranney* (1931) 213 Cal. 70, 75-76 [1 P.2d 423].)

The People argue that even if the trial court was in error, the omission during voir dire was cured when the court instructed the jury it must not consider Chapman's prior felony conviction as a factor in determining his believability. This argument misses the point. We are not dealing here with a question of the admissibility of a felony to attack the credibility of a witness. We are concerned with the right of a defendant to ferret out the possible biases or prejudices of individual jurors and thereby ensure a defendant's Sixth Amendment right to an impartial jury.

The People also point out that the trial court offered to relieve the appellant of the stipulation. Here again, this would not provide the appellant with the relief to which he is entitled. He would still be tried by jurors who had not been examined as to any prejudice or bias they may have concerning a person who has been convicted of a felony.

The People also cite *People* v. *Valentine* (1986) 42 Cal.3d 170 [228 Cal.Rptr. 25, 720 P.2d 913] for the proposition that a prior felony conviction shall be proven in open court when it is an element of a current charge. We have no argument with the holding in *Valentine*, but it is not determinative of the issue before us. There seems no question but that appellant's counsel was justified in believing that pursuant to the stipulation, the fact that appellant had previously been convicted of a felony would not be admitted into evidence. In our view that is the only reasonable interpretation of the stipulation as stated by the court. When the trial court concluded that it was mandated to follow *Valentine* it should have made some accommodation to defense counsel's request for voir dire examination in respect to the prior conviction. It is well recognized that there may be members of a jury panel

who feel that because a defendant has a criminal record it is more likely that he or she is guilty of the offense charged. This does not mean that a prospective juror with an initial feeling of hostility or a negative reaction in respect to a convicted felon is necessarily disqualified from serving on the jury, but it does require that some opportunity be made available to a defendant to seek inquiry by the court or counsel as to the ability of a juror to be fair and impartial in the case. This is in keeping with the basic premise that voir dire examination should include all questions necessary to insure the selection of a fair and impartial jury.

The judgment is reversed.

Chin, J., and Werdegar, J., concurred.

A petition for a rehearing was denied May 25, 1993, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied July 28, 1993.