Opinion
 

 STONE (W. A.), Acting P. J.
 

 Background
 

 The facts underlying this appeal are not material to the issues presented. Suffice it to say, prison guards discovered appellant, an inmate at Wasco State Prison, in possession of marijuana and drug paraphernalia during a clothed body search. A jury convicted him of violating Penal Code section
 
 *244
 
 4573.6,
 
 [1]
 
 possession of contraband within a state prison. The jury also determined two prior convictions and a prior prison term to be true following bifurcated proceedings. The court sentenced appellant to 25 years to life pursuant to section 1170.12, commonly known as the three strikes law. It also stayed the one-year enhancement for the prior prison term and granted appellant thirty-four days of presentence credit.
 

 Discussion
 

 I.
 

 Interpretation of Section 4573.6
 

 Section 4573.6 provides:
 

 “Any person who knowingly has in his or her possession in any state prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any place where prisoners of the state are located under the custody of prison officials, officers, or employees, or in any county, city and county, or city jail, road camp, farm, or any place or institution, where prisoners or inmates are being held under the custody of any sheriff, chief of police, peace officer, probation officer, or employees, or within the grounds belonging to any jail, road camp, farm, place or institution, any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming controlled substances,
 
 without being authorized,
 
 to so possess the same by the rules of the Department of Corrections, rules of the prison or jail, institution, camp, farm or place, or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, jail, institution, camp, farm or place, is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years.
 

 “The prohibitions and sanctions addressed in this section shall be clearly and prominently posted outside of, and at the entrance to, the grounds of all detention facilities under the jurisdiction of, or operated by, the state or any city, county, or city and county.” (Italics added.)
 

 Appellant contends the People failed to prove a lack of authorization to possess contraband, something he insists is an element of section 4573.6. Because this element of the crime was not proven, appellant claims his conviction is not supported by substantial evidence and must be reversed.
 

 
 *245
 
 Supporting appellant’s argument are two cases expressly holding the prosecution must prove a defendant was without authorization to possess contraband. In
 
 People
 
 v.
 
 Ortiz
 
 (1962) 200 Cal.App.2d 250 [19 Cal.Rptr. 211] (hereafter
 
 Ortiz),
 
 this court reversed a conviction based upon section 4573.6, noting the element of lack of authorization had not been satisfied. “In view of the necessity of making positive proof that neither the rules nor the person in charge had given permission for the issuance and possession of the drugs, there has been a failure of necessary proof on the part of the People.” (200 Cal.App.2d at pp. 257-258.) Two years later
 
 People
 
 v.
 
 Zepeda
 
 (1964) 231 Cal.App.2d 18 [41 Cal.Rptr. 571] (hereafter
 
 Zepeda),
 
 reached the same result, citing
 
 Ortiz
 
 as authority.
 

 The issue remained dormant for 30 years, until
 
 People
 
 v.
 
 George
 
 (1994) 30 Cal.App.4th 262 [35 Cal.Rptr.2d 750] (hereafter
 
 George).
 
 The
 
 George
 
 court held lack of authorization is not an element, but rather authorization is a defense, to the crime. “ ‘It is well established that where a statute first defines an offense in unconditional terms and then specifies an exception to its operation, the exception is an affirmative defense to be raised and proved by the defendant. [Citations.]’ ”
 
 (Id.
 
 at p. 275.) To illustrate the point, the court provided two examples of statutes for which authorization was determined to be a defense: “In
 
 In re Andre R.
 
 [1984] 158 Cal.App.3d 336 [204 Cal.Rptr. 723], the Court of Appeal interpreted section 12021.5, which provides in pertinent part that ‘a minor may not possess a concealable firearm unless he or she has the written permission of his or her parent or guardian to have such a firearm . . . .’ The Court of Appeal concluded the prosecution was not required to prove the lack of a parent’s written permission to carry a concealable firearm as an element of the crime under section 12021.5.
 
 (Andre R., supra,
 
 at p. 341.) ‘Here, the existence of written parental permission does not define or describe the offense. The offense is the possession of a concealable firearm by a minor. Hence, written parental permission “excuses” a minor from the sanctions imposed by section 12021.5 and must be raised as a defense by the accused.’ [Citation.]”
 
 (George, supra,
 
 30 Cal.App.4th at p. 275.)
 

 The
 
 George
 
 court made a similar analogy with
 
 People
 
 v.
 
 Martinez
 
 (1953) 117 Cal.App.2d 701 [256 P.2d 1028], which held a written prescription from a licensed physician was a defense to a charge of possession of controlled substances, a violation of Health and Safety Code section 11350. Noting
 
 Ortiz
 
 had failed to cite any authority to support its conclusion, the
 
 George
 
 court expressly disagreed with both
 
 Ortiz
 
 and
 
 Zepeda.
 

 We are persuaded
 
 George
 
 articulates a better reasoned and accurate interpretation of section 4573.6, and accordingly hold authorization is a
 
 *246
 
 defense to that provision rather than lack of authorization being an element of it. In addition to the sound rationale of
 
 George,
 
 common sense compels this result. Carried to its logical conclusion, appellant’s argument would place a greater burden on the prosecution to prove drug possession committed inside prison walls than to prove that same crime committed outside. In other words, a person not in prison in possession of drugs could be convicted upon proof of possession without proof regarding lack of authorization. But to convict a prisoner the People would have to prove lack of authorization. We cannot accept such anomalous results. We disagree with
 
 Ortiz, supra,
 
 200 Cal.App.2d 250, and
 
 Zepeda, supra,
 
 231 Cal.App.2d 18 to the extent they hold otherwise.
 

 Appellant also argues the People failed to prove the prohibitions and sanctions of drug possession were posted as required by section 4573.6. Aside from his failure to develop the argument properly with citation to authority
 
 (People
 
 v.
 
 Callegri
 
 (1984) 154 Cal.App.3d 856, 865 [202 Cal.Rptr. 109]), appellant neglects to establish the applicability of this posting requirement to him. The statute requires the prohibition of contraband to be posted
 
 outside
 
 of the detention facility. Clearly then, this notification is meant for visitors, not inmates. The intended recipients of such notice is obvious. Appellant has provided no argument supporting an alternative interpretation, nor, in our opinion, could he.
 

 II.
 

 Questioning Jurors About Three Strikes During Voir Dire
 

 Appellant next contends the trial court’s refusal to allow him to question potential jurors about three strikes violated his Sixth Amendment right to an impartial jury and Fourteenth Amendment right to due process. Although he provides numerous cases that advocate questioning jurors in order to impanel a fair jury, appellant cites no authority to support the more specific proposition that defendants have the right to question jurors concerning their opinion of three strikes.
 

 The right to have a fair and impartial jury determine guilt or innocence is “ ‘one of the most sacred and important of the guaranties of the constitution. Where it has been infringed, no inquiry as to the sufficiency of the evidence to show guilt is indulged and a conviction by a jury so selected must be set aside.’ [Citations.]”
 
 (People
 
 v.
 
 Wheeler
 
 (1978) 22 Cal.3d 258, 283 [148 Cal.Rptr. 890, 583 P.2d 748].)
 

 However, while the right to an impartial jury enjoys constitutional protection, the manner of choosing that jury is not similarly endowed.
 
 *247
 
 “[T]here is no constitutional right to any particular manner of conducting the voir dire and selecting a jury so long as such limitations as are recognized by the settled principles of criminal law to be essential in securing impartial juries are not transgressed. [Citations.]”
 
 (People
 
 v.
 
 Boulerice
 
 (1992) 5 Cal.App.4th 463, 474 [7 Cal.Rptr.2d 279]; see also
 
 People
 
 v.
 
 Bittaker
 
 (1989) 48 Cal.3d 1046, 1086 [259 Cal.Rptr. 630, 774 P.2d 659] [“The right to voir dire ... is not a constitutional right but is a means to achieve the end of an impartial jury.”].)
 

 Pursuant to Code of Civil Procedure section 223, the trial court is charged with the duty of examining prospective jurors, allowing further inquiry by the parties upon a showing of good cause. The section concludes “[t]he trial court’s exercise of its discretion in the manner in which voir dire is conducted shall not cause any conviction to be reversed unless the exercise of that discretion has resulted in a miscarriage of justice . . . .”
 

 “The exercise of discretion by trial judges under the new system of court-conducted voir dire is accorded considerable deference by appellate courts. [Citation.] A trial court has significant discretion with respect to the particular questions asked and areas covered in voir dire. [Citation.] The failure to ask specific questions is reversed only for abuse of discretion. Abuse of discretion is found if the questioning is not reasonably sufficient to test the jury for bias or partiality. [Citations.]”
 
 (People
 
 v.
 
 Chapman
 
 (1993) 15 Cal.App.4th 136, 141 [18 Cal.Rptr.2d 738].)
 

 Application of these principles supports the well-settled rule that voir dire need not include matters beyond the jury’s scope of responsibility. Sentencing, for example, is almost never the jury’s concern, and consequently, questions relating to that issue may be precluded properly.
 

 “It is well established that when a jury has no sentencing function, it should be admonished to ‘reach its verdict without regard to what sentence might be imposed.’ [Citation.] The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury’s function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury’s task.
 
 Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.
 
 [Citations.]”
 
 (Shannon
 
 v.
 
 United States
 
 (1994) 512 U.S. 573, 579 [114 S.Ct. 2419, 2424, 129 L.Ed.2d 459], italics added, fns. omitted.)
 

 
 *248
 
 California courts, consistent with this principle, have fashioned a specific jury instruction admonishing jurors not to concern themselves with the consequences of a guilty verdict.
 
 [2]
 
 “ ‘[CALJIC No. 17.42] directs the jury not to involve the question of guilt with a consideration of the penalty. That is the law. Without that advice a jury may permit its consideration of guilt to be deflected by a dread of seeing the accused suffer the statutory punishment.’ . . .”
 
 (People
 
 v.
 
 Hill
 
 (1992) 3 Cal.App.4th 16, 46 [4 Cal.Rptr.2d 258] (dis. opn. of Nicholson, J.).)
 

 We see no reason to deviate from the law in this instance. Appellant is no more entitled to question jurors about three strikes than he would be for any other sentencing scheme. Regardless of the sentence, the analysis remains the same: The jury’s sole responsibility is the determination of guilt or innocence. As such, it is unnecessary, and unwise, to concern them with the ramifications of their verdict.
 

 Our conclusion is further compelled by appellant’s failure to demonstrate that a juror’s impartiality cannot be verified without questioning his or her view of three strikes. He claims “the barring of Three Strikes’ voir dire questions resulted in a failure to test the jury for impartiality” but does not establish how this is so.
 
 [3]
 
 It is beyond dispute that broad and conclusory assertions of prejudice are not enough; appellant must develop an argument that specifically substantiates his claim.
 
 (People
 
 v.
 
 Bittaker, supra,
 
 48 Cal.3d at p. 1087.) Contrary to his argument, the record is replete with indications the court made every effort to select an impartial jury. Denial of the opportunity to ask about three strikes does not compel a contrary conclusion. Of particular note is appellant’s decision to request bifurcation of his prior conviction allegations, which, if anything, further removed sentencing from the jury’s consciousness.
 

 We find the court acted well within its discretion when it precluded mention of the three strikes law to the jury during voir dire.
 
 [4]
 

 
 *249
 
 III.-VI.
 
 *
 

 Disposition
 

 The judgment is modified to reflect imposition of an additional one-year enhancement pursuant to section 667.5, subdivision (b). As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment showing this modification, and to forward a certified copy of the amended abstract to all interested parties.
 

 Thaxter, J., and Buckley, J., concurred.
 

 A petition for a rehearing was denied March 20, 1997, and appellant’s petition for review by the Supreme Court was denied June 11, 1997.
 

 [1]
 

 All further statutory references are to the Penal Code unless otherwise noted.
 

 [2]
 

 CALJIC No. 17.42 provides: “In your deliberations do not discuss or consider the subject of penalty or punishment. That subject must not in any way affect your verdict.”
 

 [3]
 

 That defense counsel was unable to articulate how he wanted to address three strikes during voir dire underscores our point:
 

 “Mr. Page: ... I was not asking that the Court do a voir dire saying ‘What do you think of three strikes.’ I was simply asking that the issue be addressed as it may come up.”
 

 [4]
 

 At oral argument appellant’s counsel sought to broaden the issue to include questions concerning appellant’s right to question jurors about his imprisonment at the time this crime occurred. However, that was not the request he made to the trial court during voir dire, nor is it the issue the parties briefed on appeal. Accordingly, we limit our consideration to whether
 
 *249
 
 counsel could ask the jurors their opinion of three strikes.
 
 (Estate of Davis
 
 (1940) 38 Cal.App.2d 579, 587 [101 P.2d 761]; see also Cal. Civil Appellate Practice (Cont.Ed.Bar 1985) Oral Argument § 15.5, p. 443.)
 

 *
 

 See footnote,
 
 ante,
 
 page 240.