Filed 3/7/25  P. v. Moore CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B335384 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA065051) |
| v. | |
| TYESHA MOORE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed in part and Remanded in part.

Daniel Milchiker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Tyesha Moore (Moore) was resentenced under Penal Code section 1172.75, which provides relief to individuals serving prison terms that include sentencing enhancements that were subsequently rendered invalid by legislative changes to the Penal Code.[1]  At the resentencing hearing, the trial court reduced Moore's prison sentence by striking two sentencing enhancements now rendered invalid under section 1172.75.  The trial court otherwise reimposed Moore's original sentence.  Moore appeals the resentencing order, arguing the trial court failed to apply other recent changes in the law that would have further reduced her sentence.  The Attorney General argues remand is necessary to calculate any good time credit to which Moore may be entitled.  We agree that remand is necessary to calculate Moore's good time credit but otherwise affirm the trial court's resentencing order.

## FACTUAL AND PROCEDURAL BACKGROUND

I.    *Conviction and Sentence*

Moore worked at a hair salon owned by Alexis Temple (Temple).[2]  In 2014, Moore had a falling out with Temple and stopped working at the salon. In June 2014, Temple drove to the house Moore shared with her boyfriend Jamal Price (Price) to discuss a personal dispute she had with Moore.

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    We take these facts from the opinion in Moore's prior appeal.  (*People v. Moore* (Sept. 22, 2016, No. B265135) [nonpub. opn.].)  We cite the facts not for their truth, but only for the basis of Moore's conviction.  (See *People v. Woodell* (1998) 17 Cal.4th 448, 459–460.)

Temple and Moore argued in the front yard and Moore called out to Price. As Temple drove away, she heard gunshots being fired from the direction of the house. One of the bullets struck Temple's car but she did not see who fired the shot.

Four months later, a woman came into Temple's salon and began arguing with one of Temple's employees. Temple told the two women to leave the salon. The argument continued outside and eventually turned physical. At that point Moore approached, apparently coming to the defense of the woman who had entered the salon. Moore pulled a semiautomatic pistol from her sweatshirt pocket and pointed it in the direction of a group of people, including Temple. Moore cocked the gun, but the gun malfunctioned and the bullets ejected and fell to the ground. The group of women fled back into the salon and Moore picked up the bullets and left.

In 2015, a jury convicted Moore of two counts of assault with a semiautomatic firearm (§ 245, subd. (b)), one count of possession of a firearm by a felon (§ 29800, subd. (a)(1)), and one count of possession of ammunition by a felon (§ 30305, subd. (a)(1)). The jury also found true the allegation that Moore personally used a firearm (§ 12022.5, subds. (a), (d)). Moore admitted to having served two prior prison terms (§ 667.5, subd. (b)).[3] Moore was sentenced to an aggregate term of 21 years, as follows: an upper term of 9 years on one count of assault with a semiautomatic firearm, 10 years for the

---

[3] Moore was tried jointly with Price, who was convicted of two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)) and one count of possession of ammunition by a felon (§ 30305, subd. (a)(1)).

3

firearm use enhancement, and one year for each of the prior prison terms (2 years total).[4]

On direct appeal, this court affirmed Moore's conviction in an unpublished opinion. (*People v. Moore* (Sept. 22, 2016, No. B265135).)

II.    *Resentencing Proceedings*

On November 1, 2022, the trial court issued a minute order noting Moore was identified by the California Department of Corrections and Rehabilitation (CDCR) as potentially eligible for resentencing relief under section 1172.75. The court also appointed counsel for Moore.

While Moore had appointed counsel, on July 24, 2023, she filed a written brief in propria persona in support of resentencing. In her brief, Moore argued that upon resentencing, the court had the discretion to strike firearm enhancements under recent changes in law, including Senate Bill No. 620 (2017-2018 Reg. Sess.) (SB 620). Moore asked the trial court to "recall the sentence and resentence Moore to hopefully, immediate release from custody because Moore is eligible for resentencing as to all enhancements." Moore also argued that several post-conviction factors weighed in favor of resentencing, including her age, the length of her sentence, and her "commendable record of rehabilitation."

Moore's resentencing hearing occurred on October 25, 2023. The trial court initially noted that Moore's sentence included two prior prison term enhancements that were no longer valid. The court also stated, "There have also been a number of changes in the law" and Moore was "entitled to a full resentencing hearing at which point she can argue any changes in the law."

---

[4]    The trial court also sentenced Moore to concurrent prison terms on the remaining counts.

4

The court also reviewed Moore's supplemental brief, the appellate opinion from Moore's direct appeal, and the original probation officer's report in preparation for the hearing.

The court then heard argument. Moore's counsel asked the court to exercise its discretion and resentence Moore to the low or midterm rather than the upper term imposed at her original sentencing. Counsel also argued the court should strike the ten-year firearm enhancement. Counsel stated that Moore was a "model candidate" for a sentence reduction given her age and the programs she participated in while serving her prison sentence. Moore was then permitted to speak on her own behalf. She also argued for a reduction in her sentence to the low or middle term, stating "I am now 47 years old, and I have fazed out and matured out of that criminal mindset." She also noted that she "effectively received two associate's degrees, high school diploma, and have completed numerous self-help groups in regards to victim awareness and violence and things of that nature."

Temple briefly addressed the court and discussed the negative effects that Moore's crimes had inflicted on her and her family. She argued Moore's original sentence was too lenient and asked the court to instead increase Moore's sentence. The prosecution then argued that "this [was] a very heinous crime" and the trial court had carefully weighed the factors in originally sentencing Moore. The prosecution agreed that the court should strike the invalid prior prison term enhancements but otherwise reimpose the original sentence.

The court resentenced Moore, striking the invalid prior prison term enhancements. The court otherwise reimposed Moore's original sentence, stating, "In reviewing the facts of this case where the defendant was the shooter, there were two separate victims she was convicted of committing this

violent act against, Judge Chung really thoughtfully went through everything and chose to—even as to count 9, to run that sentence concurrently when, legally, it could have been run consecutively, also ran counts 5 and 8 concurrently, it seems to the court that it is not in the interest of justice to apply any of the other changes in the law to reduce the defendant's sentence any more than to strike those two prior prison terms, and so the court is going to allow the rest of the sentence to remain as previously imposed."

The court closed by noting that Moore had served 3,045 days since her original sentencing in 2015.

Moore timely appealed the court's resentencing order.

## DISCUSSION

I.   *Overview of Relevant Law*

When Moore was convicted and sentenced, defendants were subject to a one-year prison term enhancement under section 667.5, subdivision (b), for each true finding that they had served a prior prison term and had thereafter remained free from custody for at least five years. Effective January 1, 2020, section 667.5, subdivision (b), was amended to limit prior prison term enhancements to prior terms imposed for certain sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 445 (*Escobedo*).) The Legislature subsequently enacted Senate Bill No. 483, which sought to make these changes to section 667.5 retroactive. (Stats. 2021, ch. 728, § 1; *Escobedo*, *supra*, 95 Cal.App.5th at p. 445.) Senate Bill No. 483 went into effect on January 1, 2022, and added section 1172.75 to the Penal Code. (*Ibid.*)

6

Section 1172.75 invalidates prior prison term sentencing enhancements imposed under section 667.5, subdivision (b) unless imposed for a sexually violent offense. (§ 1172.75, subd. (a).) It also requires the CDCR to identify the individuals in its custody serving a term that includes a prior prison term enhancement. (*Id.*, subd. (b).) If the court determines the defendant's judgment includes a prior prison term enhancement, the court must appoint counsel, recall the sentence, and resentence the defendant. (*Id.*, subds. (c), (d)(5).)

In addition to striking the invalid section 667.5 enhancements, "section 1172.75 requires full resentencing where now-invalid enhancements were imposed." (*People v. Espino* (2024) 104 Cal.App.5th 188, 195, review granted Oct. 23, 2024, S286987; accord *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].) In resentencing a defendant, the court must apply current sentencing rules and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subds. (c), (d)(2).)

Resentencing under section 1172.75 "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds . . . that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) When resentencing a defendant, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion." (*Id.*, subd. (d)(2).) The court may consider post-conviction factors, including the defendant's disciplinary record while incarcerated. (*Id.*, subd. (d)(3).) "Unless the court originally imposed the

7

upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

We review for abuse of discretion the trial court's sentencing decisions. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847 ["The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest'"]; accord *People v. Carmony* (2004) 33 Cal.4th 367, 371, 375 (*Carmony*); *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298 (*Mendoza*); *People v. Garcia* (2024) 101 Cal.App.5th 848, 856.)

"The abuse of discretion standard is highly deferential." (*Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) "First, '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.''" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, at pp. 376–377.)

8

II.    *Discussion*

The parties agree the trial court committed sentencing error and that remand for resentencing is appropriate, though they disagree as to what those errors were.  We agree remand is appropriate for the limited purpose of calculating any good time credits that Moore may be entitled to.

A.    *Ameliorative Changes in Law*

Moore argues the trial court failed to consider and apply recent ameliorative changes in the law at her resentencing hearing as required by section 1172.75, subdivision (d)(2).  Specifically, Moore argues the trial court failed to apply Senate Bill No. 567 (2021-2022 Reg. Sess.) (SB 567), Senate Bill No. 81 (2021-2022 Reg. Sess.) (SB 81), and SB 620.

1.    *SB 567*

Before 2022, when a statute specified a triad of possible punishments, trial courts had discretion to choose between the three terms, "'select[ing] the term which, in the court's discretion, best serves the interests of justice' and stating reasons for its decision.  (Former § 1170 (b), enacted by Stats. 2007, ch. 3, § 2, pp. 6–7.)"  (*People v. Lynch* (2024) 16 Cal.5th 730, 747.)  In enacting SB 567, "the Legislature . . . amended section 1170 to provide that the trial court 'shall,' in its discretion impose a sentence 'not to exceed the middle term' (*id.*, subd. (b)(1)) except in the following circumstance:  'The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of' an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a

9

reasonable doubt at trial by the jury or by the judge in a court trial.'  (§ 1170 (b)(2); Stats. 2021, ch. 719, § 2)."  (*Id*. at p. 748.)

Moore contends that the trial court was required to apply amended section 1170, subdivision (b)(2) when determining whether to resentence her to the upper terms on her count for assault with a semiautomatic weapon and firearm enhancement.  (§ 1172.75, subd. (d)(2) ["The court shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion"].)  Moore argues that she could not currently be sentenced to the upper term under section 1170, as no factors in aggravation were stipulated to or found true beyond a reasonable doubt at trial.

But Moore's resentencing was triggered and governed by section 1172.75.  Section 1172.75, subdivision (d)(4), contains "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing."  (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 467 (*Brannon-Thompson*).)  Specifically, section 1172.75, subdivision (d)(4) provides an exception to the rule under amended section 1170.  Subdivision (d)(4) provides: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (Italics added.)

Here, Moore was originally sentenced to the upper term, and thus subdivision (d)(4) permitted the trial court to resentence Moore to the upper term even if no circumstances in aggravation were stipulated to by the defendant or found true beyond a reasonable doubt at trial.  (*Brannon-Thompson, supra*, 104 Cal.App.5th at pp. 466–467 ["[g]iving [§ 1172.75, subd.

10

(d)(4)'s] language its plain meaning, it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing"].) Moore argues *Brannon-Thompson* was wrongly decided. We find *Brannon-Thompson*'s reasoning persuasive as it gives effect to the plain language of section 1172.75, subdivision (d)(4). (*People v. Johnson* (2002) 28 Cal.4th 240, 244 ["If the statutory language contains no ambiguity, the Legislature is presumed to have meant what it said, and the plain meaning of the statute governs"].)

Moore was initially sentenced to the upper term and the trial court reimposed the same upper term as expressly permitted by subdivision (d)(4). We conclude the trial court did not err by applying section 1172.75, subdivision (d)(4) to the exclusion of section 1170, subdivision (b).

### 2. *SB 620 and SB 81*

Moore also contends the trial court failed to apply SB 620 and SB 81 in declining to strike the firearm enhancement imposed under section 12022.5. She argues the trial court did not properly understand its discretionary authority under these changes in law and also "did not consider appellant's post-conviction conduct while in custody."

Section 12022.5, subdivision (a), provides in relevant part that: "[A]ny person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years." When Moore was initially sentenced in 2015, former section 12022.5, subdivision (c) prohibited courts from striking enhancements: "Notwithstanding Section 1385 or any other provisions of law, the court shall not strike an allegation under this

11

section or a finding bringing a person within the provisions of this section." Thus, if a section 12022.5 enhancement was alleged and found true, its imposition was mandatory.

In 2017, the Legislature enacted SB 620 which amended subdivision (c) of section 12022.5 to remove this prohibition. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1024; *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1085.) As amended by SB 620, subdivision (c) now provides that "[t]he court may, in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."

Subsequently, SB 81 "and Assembly Bill No. 200 (2021-2022 Reg. Sess.) . . . respectively added, and later amended, section 1385, subdivision (c)." (*People v. Cota* (2023) 97 Cal.App.5th 318, 334.) Section 1385, subdivision (c)(1), now provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." As added by SB 81, subdivision (c)(2) "provides that a sentencing court '[i]n exercising its discretion' to dismiss a sentencing enhancement 'shall consider and afford great weight to evidence offered by the defendant to prove' certain enumerated mitigating circumstances, and '[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1028 (*Walker*).)

In resentencing Moore, the trial court expressly acknowledged, "There have been a number of changes in the law" and Moore was "entitled to a full resentencing hearing at which point she can argue any changes in the law." The court also stated it had read and considered Moore's written brief on

resentencing, in which Moore requested the court apply SB 620 to strike the firearm enhancement imposed under section 12022.5.  At the resentencing hearing, Moore's counsel correctly stated that the court had discretion to strike the firearm enhancement, and argued the mitigating factors in favor of exercising that discretion.

On appeal, Moore ignores these aspects of the resentencing hearing.  Instead, Moore argues "the court merely indicated that it was not in the 'interest of justice to apply any of the changes in the law to reduce the defendant's sentence.' [Citation.]  Not only did that statement evidence the court's lack of awareness of its obligations under section 1172.75, the rationale for its ruling also evidence [*sic*] that it did not properly exercise discretion."  Contrary to Moore's assertion, the trial court's comment was consistent with the plain language of section 1385 and binding authority from our Supreme Court.

Section 1385, subdivision (c)(1), provides that a trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so."  Our colleagues in the Sixth District rejected the argument that the presence of mitigating factors under section 1385, subdivision (c)(2) creates a "rebuttable presumption" in favor of striking an enhancement.  (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097–1098 (*Ortiz*).)  Instead, in exercising its discretion under section 1385, "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement."  (*Id.* at p. 1098.)  Our California Supreme Court expressly endorsed the *Ortiz* court's holding, stating, "We conclude that the plain language of section 1385, subdivision (c)(2) contemplates that a trial court will exercise its sentencing discretion in a manner consistent with the *Ortiz* court's understanding."  (*Walker*, *supra*, 16 Cal.5th at p. 1029.)

13

Under subdivision (c)(1) and *Walker*, the trial court had the discretion to decline to strike Moore's firearm enhancement if it determined that striking the enhancement was not in the interest of justice. This is true even though Moore presented evidence of factors in mitigation. In declining to strike the enhancement, the trial court had no obligation to make further findings or state its reasoning on the record. While section 1385 requires a trial court to state its reasons for striking an enhancement, there is no reciprocal requirement that the trial court state its reasons for declining to strike an enhancement. (§ 1385, subd. (a).) "[W]here a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; *People v. Brown* (2007) 147 Cal.App.4th 1213, 1229 ["Error may not be presumed from a silent record"].)

The record does not show the court failed to engage in the balancing required by section 1385, subdivision (c)(2) when considering whether to strike the firearm enhancement. (*Walker*, *supra*, 16 Cal.5th at p. 1036.) We therefore conclude the trial court did not err in declining to strike Moore's firearm enhancement. The trial court considered the changes in law and nonetheless found the interests of justice would not be served in striking the enhancement. Moore has not established the trial court abused its discretion in doing so.

B.    *Ineffective Assistance of Counsel*

Moore argues she was deprived of the effective assistance of counsel because her counsel did not file any briefing or documentary evidence for consideration at the resentencing hearing. Moore claims that she was "clearly prejudiced" by these failures "as they allowed the court to impose a

sentence that is inconsistent with ameliorative changes in the law, including SB 567." We are not persuaded.

'"In order to establish a claim of ineffective assistance of counsel, defendant bears the burden of demonstrating, first, that counsel's performance was deficient because it "fell below an objective standard of reasonableness [¶] . . . under prevailing professional norms." [Citations.] . . . If a defendant meets the burden of establishing that counsel's performance was deficient, he or she also must show that counsel's deficiencies resulted in prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [Citation.]' [Citation.]" (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) In determining whether counsel's performance was deficient, we "defer[] to counsel's reasonable tactical decisions" and presume that "counsel acted within the wide range of reasonable professional assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Even if we were to assume that the performance of Moore's trial counsel was deficient, Moore has not established a reasonable probability of prejudice. As discussed above, the trial court did not fail to consider or apply SB 567 or any other ameliorative changes in law in resentencing Moore. Accordingly, Moore's argument that she must have been prejudiced because the trial court failed to apply these changes in law must necessarily fail.

Further, nothing in the record establishes a reasonable probability that the trial court would have reduced Moore's sentence if her counsel had submitted additional briefing or evidence. Instead, the record suggests the trial court accepted the representations of Moore and her counsel as to her age and laudable post-conviction behavior. On appeal, Moore does not point to any evidence in the record suggesting the trial court did not believe or

15

credit Moore or counsel's representations regarding her post-conviction behavior. Rather, the court was swayed by the specific underlying facts of the crime. On this record, we do not find a probability that Moore would have obtained a different sentence if her counsel had submitted additional evidence or briefing in support of resentencing. (*People v. Cardenas* (1997) 53 Cal.App.4th 240, 248 ["broad and conclusory assertions of prejudice are not enough; appellant must develop an argument that specifically substantiates his claim"]; *People ex rel. City of Santa Monica v. Gabriel* (2010) 186 Cal.App.4th 882, 887 [merely "asserting in conclusory fashion that [appellant] was prejudiced" is insufficient].)

As Moore has not established prejudice, we reject her argument that we must remand for resentencing because she was deprived the effective assistance of counsel below.

### C.    *Good Time Credits*

The Attorney General asserts that remand is required because the trial court failed to provide a full recalculation of Moore's applicable custody credits at the resentencing hearing. We agree. While the trial court calculated that Moore had served 3,045 days in prison since her original sentencing, it did not specify whether Moore was entitled to any days of good time credit. Accordingly, we remand the matter to the trial court for the limited purpose of determining whether Moore is entitled to any good time credit upon resentencing.

16

## DISPOSITION

The matter is remanded for the trial court to award Moore any good time credit to which she is entitled. The postconviction order resentencing Moore is otherwise affirmed. If Moore is awarded any good time credit on remand, the clerk is to prepare a corrected judgment along with a corrected abstract of judgment reflecting these modifications and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


MORI, J.


DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.