[No. F002287. Fifth Dist. July 31, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES THOMAS COOK, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Parts II and III of this opinion are not published because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

**COUNSEL**

Mark D. Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Charles P. Just and Shirley A. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—Appellant was convicted of robbery (Pen. Code, § 211) and was found to have used a firearm (Pen. Code, § 12022.5). He

admitted a prior conviction of involuntary manslaughter, which was stated to be the basis for a five-year enhancement pursuant to Penal Code section 667. He was sentenced to the middle term of three years for the robbery. The sentence was enhanced two years for the gun use and five years pursuant to Penal Code section 667, for a total sentence of ten years.

The principal issue on appeal is whether involuntary manslaughter is a serious felony carrying a five-year enhancement under Penal Code section 667. We will hold it is not.

It is unnecessary to the disposition of this case to detail the facts. Suffice it to say appellant committed an armed robbery of a Fotomat store in the parking lot of a supermarket at midday. The victim identified appellant, and his getaway pickup was identified by a bystander. The police immediately took up the high speed chase. The pickup crashed, and appellant was arrested trying to escape on foot. While being chased, appellant threw a handgun out of the driver's window which was recovered by the police and identified by the victim as the one used in the robbery. The police also recovered a brown paper bag and ski mask at the crash scene which were also identified by the victim as the ones used in the robbery.

PART I

Penal Code section 667 was added by Proposition 8 (Cal. Const., art. I, § 28, subd. (f)), effective June 9, 1982. That section mandates a five-year enhancement for any person convicted of a "serious" felony who has been previously convicted of a "serious" felony.[1] A "serious felony" is defined as those listed in Penal Code section 1192.7, subdivision (c)[2] (also enacted by Proposition 8).

---

[1]Penal Code section 667 provides in pertinent part: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7."

[2]Penal Code section 1192.7 provides in pertinent part: "(c) As used in this section 'serious felony' means any of the following: (1) murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, or threat of great bodily harm; (5) oral copulation by force, violence, duress, menace, or threat of great bodily harm; (6) lewd acts on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner

In this case appellant's prior conviction was alleged and found to be involuntary manslaughter. Involuntary manslaughter is not among the listed felonies enumerated in section 1192.7, subdivision (c). The trial judge did not explain his rationale in imposing the serious felony enhancement. The People urge that subdivision (c)(8) of section 1192.7 by definition encompasses involuntary manslaughter. That subdivision in relevant part states: "any other felony in which the defendant inflicts great bodily injury on any person, . . ." The argument concludes that because every involuntary manslaughter conviction involves the death of a human being it per se includes great bodily injury, and therefore involuntary manslaughter is subsumed within section 1192.7, subdivision (c)(8).[3]

We first note that appellant was not put on express notice by the pleadings that the People would attempt to impose a five-year serious felony enhancement by reason of the infliction of great bodily injury. The prior was merely stated to be a conviction of involuntary manslaughter. Thus a serious question of adequate notice arises. However, because we believe it to be clear that conviction of involuntary manslaughter is not a serious felony encompassed within Penal Code sections 667 and 1192.7, we need not further pursue the question of notice.

The problem is one of statutory interpretation, placing us under a duty to ascertain the intent of the enacters of the Penal Code sections. ■ In interpreting the statutory provisions, we must keep in mind that all reasonable doubts in the construction of a penal statute must be resolved in favor of the accused. (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; *People* v. *Gutierrez* (1982) 132 Cal.App.3d 281, 284 [183 Cal.Rptr. 31].)

■ Since there is no extrinsic evidence of intent, we must examine the language of the statutes and apply accepted rules of interpretation in arriving at the intent of the enacters. The primary tool available to us is the application of the cardinal maxim of construction, *expressio unius est exclusio alterius*—expression of one thing implies the exclusion of another. (*People*

on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of a residence; (19) robbery; (20) kidnapping; (21) taking of a hostage by an inmate of a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering or providing heroin, cocaine or phencyclidine (PCP) to a minor; (25) any attempt to commit a crime listed in this subdivision other than an assault."

[3]The issue was properly preserved by appellant's trial counsel by appropriate objection in the trial court.

v. *Nichols* (1970) 3 Cal.3d 150, 161 [89 Cal.Rptr. 721, 474 P.2d 673]; *Kiely Corp.* v. *Gibson* (1964) 231 Cal.App.2d 39, 46 [41 Cal.Rptr. 559].) Applying the maxim in this instance, Penal Code section 1192.7 expressly lists "murder or voluntary manslaughter" (Pen. Code, § 1192.7, subd. (c)(1)) as serious felonies. Involuntary manslaughter is not listed. Obviously, the enacters chose not to list involuntary manslaughter though they were undoubtedly fully aware of the existence of that offense. It thus appears the omission of involuntary manslaughter from the list must have been intentional.

If, as the People argue, involuntary manslaughter was omitted because it was included within Penal Code section 1192.7, subdivision (c)(8), "any other felony in which the defendant inflicts great bodily injury on any person, . . ." then the express listing of murder and voluntary manslaughter was unnecessary, as those two offenses would be included as well in subdivision (c)(8). We take this omission of involuntary manslaughter as a most persuasive indication that the enacters of Penal Code sections 667 and 1192.7 did not intend to designate involuntary manslaughter as a serious felony.

Our conclusion that involuntary manslaughter is not a serious felony enhancement simply because it results in great bodily injury is supported by analogy to the reasoning of the Supreme Court in *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]. In *Harvey,* the defendant was convicted of two counts of robbery and was found to have used a firearm in the commission of each robbery. On count one he was sentenced to four years for the robbery, enhanced by two years for the firearm use. On count two, he was sentenced to one year (one-third of the middle term), to run consecutively to count one for the robbery. Count two was enhanced by eight months (one-third of two years) for the firearm use. Defendant challenged the imposition of the firearm use enhancement as to count two. The court held the imposition of the enhancement was improper.

In doing so, the Supreme Court discussed the interplay of Penal Code sections 667.5 and 1170.1, as they relate to the issue of enhancement of a subordinate term which includes firearm use. Penal Code section 1170.1, subdivision (a), provided two procedures for the use of enhancements in consecutive term multiple sentencing. One procedure was for "violent felonies," while the other procedure was to be utilized for all other felonies. Under both procedures, subordinate terms were imposed on the basis of one-third of the middle term for each consecutive offense. However, subordinate terms for "violent felonies" could also be enhanced by one-third of the additional terms imposed under Penal Code sections 12022 (armed with a firearm or use of a deadly or dangerous weapon), 12022.5 (personal

use of a firearm), and 12022.7 (the intentional infliction of great bodily injury). Section 1170.1, subdivision (a), borrowed the definition of "violent felony" from Penal Code section 667.5, subdivision (c). Section 667.5, subdivision (c), listed specific felonies except for subdivision (c)(8), which included other felonies in which the defendant inflicted great bodily injury or used a firearm.

In *Harvey,* the Supreme Court reasoned that if all felonies in which a firearm was used or great bodily injury resulted were included within the designation of "violent felony" in Penal Code section 1170.1, subdivision (a), there would be no reason to refer to the listing of specific crimes in Penal Code section 667.5, subdivision (c). The court held that a literal reading of the two sections would render meaningless and also render redundant the language of section 1170.1 referring to the felonies listed in section 667.5. Thus, the court concluded that section 1170.1 permitted enhancement of a subordinate term only if the enhancing conduct (use of a gun, or infliction of great bodily injury) occurred during the commission of a felony specifically listed in subdivision (c).[4]

Analogizing the court's reasoning in *Harvey* to the present question, it appears that if any felony which resulted in the infliction of great bodily injury could be used to enhance under section 667, subdivision (a)/1192.7, subdivision (c)(8), the language of section 667, subdivision (d), that "As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7" would be rendered meaningless insofar as it includes subdivision (c)(1), i.e., "(1) murder or voluntary manslaughter," which always result in the infliction of great bodily injury.

Further, in our view, to construe involuntary manslaughter as being within section 1192.7, subdivision (c)(8), would be inconsistent with the provisions of Penal Code section 12022.7 (the great bodily injury enhancement). That section expressly excludes "murder or manslaughter" from its operation. Thus, no great bodily injury enhancement can be imposed for an involuntary manslaughter conviction. To hold that under sections 667 and 1192.7, subdivision (c), a five-year enhancement may be imposed for involuntary manslaughter would be inconsistent with this statutory scheme. ██    Similar terms should be given consistent meaning when used in the same statutory scheme unless there is evidenced a contrary statutory intent.

---

[4]Subsequent to the decision in *People* v. *Harvey, supra,* 25 Cal.3d 754, the Legislature amended section 1170.1, subdivision (a), to provide for enhancement of the subordinate term for every felony which is a "violent felony" as defined by section 667.5, subdivision (c), including those offenses described in subdivision (c)(8) as other felonies in which the defendant has inflicted great bodily injury or personally used a firearm. (See *People* v. *Wolcott* (1983) 34 Cal.3d 92, 104, fn. 4 [192 Cal.Rptr. 748, 665 P.2d 520].)

(*People* v. *Crowson* (1983) 33 Cal.3d 623, 633 [190 Cal.Rptr. 165, 660 P.2d 389].) Here, the enacters of Penal Code section 1192.7, subdivision (c), evidenced such a contrary intent when they expressly included murder and voluntary manslaughter as serious felonies. No such contrary intent is shown in the case of involuntary manslaughter.

■ Finally, it is observed that the enacters of these sections had a rational basis for excluding involuntary manslaughter from the concept of serious felonies, while including murder and voluntary manslaughter. The omission of involuntary manslaughter comports with the culpability distinction between these crimes—a distinction involving *mens rea*—a guilty mind; a guilty or wrongful purpose. Murder requires malice and intent; voluntary manslaughter requires intent. Involuntary manslaughter requires neither.[5]

The People urge that the reason involuntary manslaughter was excluded from the list of named serious felonies is that involuntary manslaughter can in some instances be punished as a misdemeanor. The People are mistaken. ■ Involuntary manslaughter is always a felony, punishable only by imprisonment in the state prison (Pen. Code, § 193, subd. (b); *People* v. *Honeycutt* (1977) 20 Cal.3d 150, 157 [141 Cal.Rptr. 698, 570 P.2d 1050].) Vehicular manslaughter (Pen. Code, § 193, subd. (c)), which may be sentenced as a misdemeanor, is a separate and distinct crime from involuntary manslaughter. (See *People* v. *Honeycutt, supra,* 20 Cal.3d 150, 157.) We are not here concerned with vehicular manslaughter.

In this case the language of the complaint charging the prior manslaughter did not allege that in the commission of the offense the defendant used a firearm (Pen. Code, § 1192.7, subd. (c)(8)) or that he used a dangerous or deadly weapon (Pen. Code, § 1192.7, subd. (c)(23)). Moreover, the abstract of judgment of the prior manslaughter specifically shows the defendant was not armed with a deadly weapon and did not use a firearm in the commission of the offense. When appellant pled guilty to the allegations of the prior involuntary manslaughter that is all he admitted. (*People* v. *James* (1978) 88 Cal.App.3d 150, 161 [151 Cal.Rptr. 354].) Accordingly, we are not confronted with the interpretation of the part of section 1192.7, subdivision (c)(8), or with section 1192.7, subdivision (c)(23), respectively, defining a serious felony as ". . . any felony in which the defendant uses a firearm" and "any felony in which the defendant personally used a dangerous or deadly weapon." Further, aside from other objections, in view of the above pleadings and provisions of the abstract of judgment, it would be

---

[5]Penal Code section 192 defines involuntary manslaughter as: "2. Involuntary—in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection; . . ."

pointless and unauthorized to follow the People's suggestion to remand this cause for further proceedings to determine if the prior manslaughter did involve the use of a firearm or dangerous or deadly weapon.[6]

## PART II*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is modified by striking therefrom the five-year enhancement imposed for the prior manslaughter conviction, thereby reducing the total sentence to five years; as so modified the judgment is affirmed. The trial court shall forthwith prepare and forward to the Director of Corrections an amended abstract of judgment conforming to the modification ordered herein.

Woolpert, J., and Martin, J., concurred.

---

[6]It has been suggested that we direct the imposition of an enhancement pursuant to Penal Code section 667.5. The prior manslaughter charge did not state that appellant served a prison term as a result of the conviction of the manslaughter as required by Penal Code section 667.5, subdivision (b). Accordingly, the service of such a term was not admitted by appellant's admission of the prior conviction. It follows this court cannot direct the imposition of an enhancement under Penal Code section 667.5.

*See footnote, *ante,* page 948.