[No. S106906. Feb. 5, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE GUADALUPE REYES PENA, Defendant and Appellant.

## COUNSEL

Dan Mrotek, under appointment by the Supreme Court, for Defendant and Appellant.

Elliot L. Bien; Michael M. Berger; Jay-Allen Eisen; Robert S. Gerstein; Rex S. Heinke; Wendy C. Lascher; Gerald Z. Marer; Reed Smith Crosby Heafey, James C. Martin and Benjamin G. Shatz for The California Academy of Appellate Lawyers as Amicus Curiae on behalf of Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Scott C. Taylor, Steven T. Oetting, Gary W. Brozio and Matthew Mulford, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GEORGE, C. J.**—We consider in this case the propriety of a notice form regularly utilized by the Fourth District Court of Appeal, Division Two, in ascertaining whether appellate counsel will waive oral argument in appeals pending before that appellate court. As we shall explain, we conclude that there exists a danger that the language of the waiver notice employed here suggests too strongly (1) that the appellate court already has finally decided the case and will not be affected by oral argument, and (2) that appellate counsel might face adverse consequences if oral argument is requested. As such, the notice has a real potential to interfere with a party's proper exercise of the right to present oral argument on appeal.

Under these circumstances and in the exercise of our supervisory power over the courts, we shall direct the Court of Appeal to refrain from utilizing this waiver notice in future cases. Further, because defendant's appellate counsel brought this issue to the Court of Appeal's attention in a petition for rehearing and indicated that the language of the waiver notice in fact had deterred counsel from requesting oral argument, we shall reverse the judgment and transfer the matter to the Court of Appeal with directions to calendar the matter for oral argument and reconsider the cause in light of such argument.

## I

On the evening of June 15, 2000, San Bernardino Police Officer Gary Schuelke, driving an unmarked vehicle, saw defendant park his Nissan Maxima in the parking lot of a McDonald's restaurant in the City of Colton in San Bernardino County. Defendant retrieved a box (with "Toastmaster" written on the side) from the trunk of his car, and a woman approached and entered his vehicle. After a few minutes, the woman left and defendant drove away. Schuelke was suspicious and followed defendant as defendant employed a variety of "counter-surveillance" driving techniques, for example changing speeds and lanes for no apparent reason and heading toward off-ramps but not using the ramps. Defendant eventually drove to a residence on Grainger Street in Bell Gardens in Los Angeles County, parked his vehicle behind the residence for a few minutes, then reemerged with a female passenger. Schuelke continued to follow defendant's car and eventually approached it after it stopped. In response to Schuelke's questioning, defendant gave a false name, and when Schuelke inquired whether defendant had a driver's license or other identification, he responded he did not. Schuelke arrested defendant for driving without a license. A search of defendant revealed a cellular phone, a pager, and $700 in cash, as well as a business card from "Daniel's Carburetor's" in defendant's wallet.

Schuelke, defendant, and the passenger, who later was identified as defendant's girlfriend, returned to the Grainger Street residence, which defendant shared with his sister, brother, and brother-in-law. Pursuant to defendant's consent, Schuelke and other officers searched the residence, finding under a bedroom dresser four semiautomatic pistols, ammunition, and more than $1,000 in cash. Elsewhere in the bedroom, officers found two bindles of cocaine. Items observed in the bedroom suggested that defendant shared the room with his brother. In the garage, officers found a gram scale. A Honda Accord parked in the garage had a "Toastmaster" box in the trunk, containing a kilogram of cocaine. Officers found in the Accord a receipt from "Daniel's Carburetor's" with defendant's nickname and cellular phone number written on it.

Defendant was charged by information with transporting cocaine (Health & Saf. Code, § 11352, subd. (a)), possessing cocaine for sale (Health & Saf. Code, § 11351) with an allegation defendant was personally armed with a firearm (Pen. Code, § 12022, subd. (c)), and possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)). The information also alleged defendant had suffered a prior "strike" conviction (Pen. Code, § 1170.12) and had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). After defendant pleaded not guilty, the trial court denied defendant's suppression motion (Pen. Code, § 1538.5) and his motion

to set aside the information (Pen. Code, § 995) as to the charges of transporting cocaine and possessing that substance for sale, as well as the related firearm enhancement, but granted the motion as to the charge of possession of a firearm by a felon. The jury convicted defendant of the remaining counts and the trial court, in a bifurcated proceeding, found true the prior conviction and prison term allegations. The trial court sentenced defendant to 13 years in state prison.[1]

## II

On appeal, defendant contended (1) that the trial court erred by denying his suppression motion (Pen. Code, § 1538.5), maintaining that any consent to search was obtained by the police during an illegal detention without probable cause, (2) that the trial court committed instructional error regarding the firearm enhancement, and (3) that the double punishment ban of Penal Code section 654 precluded punishment for both possessing and transporting the same quantity of cocaine. After briefing was complete, the Fourth District Court of Appeal, Division Two, sent defendant's appellate counsel a tentative opinion that proposed to reject defendant's claims and affirm his conviction, along with a notice that stated in relevant part: "Enclosed is the tentative opinion of a majority of the three-justice panel hearing the appeal. The court has determined that (1) the record and briefs adequately present the facts and legal arguments, (2) oral argument will not aid the decision-making process, and (3) the tentative opinion should be filed as the final opinion without oral argument in the interests of a quicker resolution of the appeal and the conservation of scarce judicial resources. Although the essential work of the court in this case has been completed, scheduling oral argument regularly delays filing of the opinion for <u>six to ten weeks</u>, and, if the case is continued, it can ultimately delay the filing of the opinion for <u>up to five months</u> until the same panel is again available." (Underscoring in original.) The notice was stamped in the upper left-hand corner in bold capital letters stating: "**COUNSEL MUST READ AND COMPLY WITH THIS NOTICE.**"

The notice went on to inform appellate counsel that oral argument would be deemed waived unless defendant requested argument within 12 days and that no relief from default would be granted "under any circumstances." The notice also informed counsel of several additional points, including that "[c]ounsel may not repeat arguments made in counsel's briefs" and that

---

[1] The sentence was calculated as follows: defendant received the upper term for possessing cocaine for sale (four years), doubled under the Three Strikes law (Pen. Code, § 1170.12, subd. (c)(1)), plus the midterm for the arming enhancement (four years) and one year for the prior prison term enhancement, consecutive, with the sentence on the remaining count of transporting cocaine to run concurrently with the 13-year sentence.

"[s]anctions may be imposed for noncompliance with this notice."[2] Included with the notice was a form entitled "Instructions For Requesting Oral Argument" reiterating that "the court has decided that oral argument *will not* aid the decision-making process" (italicized and boldface in original) and that "[i]f, despite the court's evaluation that oral argument will not aid the decision-making process, you decide to request oral argument," it must be requested within 12 days of the notice.[3]

Defendant's appellate counsel did not request oral argument. The Court of Appeal filed its tentative opinion as the final opinion, with the only modifications being the removal of record citations within the opinion as well as the heading "Tentative Opinion," and the addition of the names of the authoring and concurring justices who participated in the decision (in this instance, Gaut, J., joined by Hollenhorst, Acting P. J., and Richli, J.).

Defendant petitioned for rehearing before the Court of Appeal, arguing the court's opinion contained material misstatements of fact with respect to his Fourth Amendment claim. Defendant also challenged the court's "procedures relative to oral argument," arguing that the Court of Appeal's determination that oral argument would not assist its decision denied him his state constitutional right to due process of law and infringed on his right to present oral argument. Defendant's appellate counsel stated he desired to have oral argument in order to bring to the court's attention the alleged misstatements of fact contained in its tentative opinion but was deterred by the language of the waiver notice. The Court of Appeal summarily denied rehearing.

We granted defendant's petition for review, limiting the issue to be briefed and argued to the question whether the standard oral argument waiver notice of the Fourth District Court of Appeal, Division Two, infringes upon a defendant's right to oral argument.

## III

The Fourth Appellate District, Division Two's use of the oral argument waiver notice here at issue may be traced to that court's implementation of its

---

[2] The notice also stated that no more than 15 minutes would be allowed for oral argument per party and that no supplemental briefing or continuances would be allowed without court order.

[3] The instruction form is a generic one that also covers cases in which the court has determined oral argument *will* aid the decisionmaking process (in which instances the court simply will calendar oral argument). The form additionally reminds counsel in cases in which the court has determined oral argument will *not* aid the decisionmaking process that the "court does not grant relief from default in failing to timely request oral argument." Complete copies of the notice and the instruction form are attached as an appendix to this opinion.

tentative opinion program. A statement on the court's Web site explains: "To improve the quality and relevance of the oral argument experience, the justices of this court in October 1990 started mailing the preliminary draft of the opinion, which they called the 'tentative opinion,' to counsel seven to ten days before oral argument." (Ct. App., Fourth Dist., Div. Two, Innovative Programs at 4th District, Division 2, Tentative Opinion Program <http://www.courtinfo.ca.gov/courts/courtsofappeal/4thDistrictDiv2/programs.htm> [as of Feb. 5, 2004].) According to the Web site statement, the program has "significantly reduced the time spent on oral argument" because "argument has become more focused and taken less time as counsel can concentrate on the issues found significant by the court," and "counsel often decide to waive oral argument once they see the court's tentative opinion." (*Ibid.*)

Justice Thomas E. Hollenhorst, a justice currently serving on the Fourth Appellate District, Division Two, and who concurred in the opinion below, explained in a law review article that the division had determined that "knowing whether all three of the panel members concurred in the draft of the opinion was deemed to be of some help to counsel in deciding whether to continue with their request for oral argument after receipt of the tentative decision and to further refine strategy for oral argument should counsel wish to pursue oral argument." (Hollenhorst, *Tentative Opinions: An Analysis of Their Benefit in the Appellate Court of California* (1995) 36 Santa Clara L.Rev. 1, 14–15, fn. omitted (*Tentative Opinions*).) The tentative opinions were unsigned and did not specify the numerical breakdown of the votes of the participating justices (*id.* at p. 15, fn. 67). The court, however, issued different cover letters with the tentative opinions, depending upon whether a majority of the panel agreed with the opinion with no dissenting view, a majority agreed with the opinion but there existed a dissenting view as to at least one issue, or there existed no majority. The original rules for the tentative opinion program set out the wording of each type of letter. When there was a majority panel with no dissenting view, the original rules indicated that the following notice would be sent: " 'Enclosed is the tentative opinion of a majority of the panel of three justices hearing the appeal. In this case the court has determined that the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. The court is therefore willing to submit this case without oral argument.' " (*Id.* at p. 2, fn. 4.) Appellate counsel was then required to reconfirm his or her desire to have oral argument, and failure to do so would be treated as a waiver of oral argument. In those cases where some disagreement existed among the participating justices, the notice letter either would "invite[] oral argument or point[] to a specific issue for counsel to address . . ." (*id.* at p. 15, fn. 67), without requiring reconfirmation of oral argument (*id.* at p. 3, fn. 4).

The court subsequently changed its rules to address an unintended problem with respect to calendaring oral arguments. Because the court issued tentative opinions only in cases where the parties requested oral argument, *requests* for oral argument increased, while the number of cases *actually* argued declined. (Hollenhorst, *Tentative Opinions, supra,* 36 Santa Clara L.Rev. at p. 18.) Thus, "the court had little idea, until counsel appeared, about which parties were going to orally argue and which were going to waive argument and submit on the briefs filed." (*Id.* at p. 24, fn. omitted.) Justice Hollenhorst described the court's resolution of this problem: "[T]he court modified its working rules for the program to provide that during the calendar conference, in addition to discussion about the tentative decision, the court would also discuss whether the panel would like to have additional argument on the tentative decision. Two letters were devised, one which encouraged oral argument and one which indicated that the court felt that the case could be resolved based upon the contents of the briefs without oral argument. Which of the two letters is sent out is resolved by the panel during conference. In addition, the rules were amended to require that counsel notify the court if they still seek oral argument after receipt of the letter and tentative decision." (*Ibid.,* fn. omitted; see also Ct. App., Fourth Dist., Div. Two, Internal Operating Practices & Proc., VIII, Tentative opinions and oral argument, reprinted at 23 pt. 3 West's Ann. Codes, Rules (2004 supp.) pp. 18–19.)

## IV

### A

Defendant asserts that the oral argument waiver notice employed by the Court of Appeal improperly infringed upon his right to present oral argument on appeal. Defendant cites several sources as the bases for the right to present oral argument on appeal, including (1) article VI, section 3 of the California Constitution, which states with respect to the Court of Appeal that a "[c]oncurrence of 2 judges present at the argument is necessary for a judgment," (2) former Rules of Court, rule 22.1,[4] which specified rules for

---

[4] Former Rules of Court, rule 22.1, stated: "(a) This rule governs oral argument in the Court of Appeal unless the court provides otherwise by order or local rule. [¶] (b) Counsel for each side is allowed 30 minutes for oral argument. If multiple parties who are represented by separate counsel or counsel for amicus curiae request argument, the court may apportion or expand the time according to the respective parties' interests. [¶] (c) The appellant or moving party has the right to open and close. If two or more parties file a notice of appeal, the court will indicate the order of argument. [¶] (d) No more than one counsel may argue for each party who appeared separately in the court below, unless the court orders otherwise. [¶] (e) Upon written request, the court may grant or deny any amicus curiae the opportunity to argue." Effective January 1, 2003, former rule 22.1 was replaced by the substantially similar provision of Rules of Court, rule 23(c), which states: "Unless the court provides otherwise by local rule or order: [¶] (1) The appellant, petitioner, or moving party has the right to open and close. If

the conduct of oral argument before the Court of Appeal, and (3) Penal Code section 1254, applicable to criminal prosecutions, which provides: "Upon the argument of the appeal, if the offense is punishable with death, two counsel must be heard on each side, if they require it. In any other case the court may, in its discretion, restrict the argument to one counsel on each side." (See *People v. Brigham* (1979) 25 Cal.3d 283, 285–288 [157 Cal.Rptr. 905, 599 P.2d 100] (*Brigham*); see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1253–1255 [82 Cal.Rptr.2d 85, 970 P.2d 872] (*Lewis*).)

In *Brigham*, cited by defendant here, the defendant appealed his convictions for robbery and attempted robbery, and requested oral argument. The appellate court granted the Attorney General's motion for a "summary affirmance" and denied the defendant's request for oral argument. This court held that the denial of oral argument was improper. Although the appellate court had characterized the defendant's appellate claim as "theoretically arguable" but "as a practical matter hopeless," in *Brigham* we held that "the appellate court had an obligation to hear the arguable argued" in light of the defendant's right to present oral argument on appeal. (*Brigham, supra,* 25 Cal.3d at p. 289.)[5]

Unlike what transpired in *Brigham*, the Court of Appeal's action in the present case did not deny defendant the *opportunity* to present oral argument, because the oral argument waiver notice employed by the appellate court allowed defendant to request oral argument within 12 days of receiving the notice. Defendant argues the notice here nevertheless infringed upon his right to present oral argument on appeal by improperly suggesting the Court of Appeal already had decided the case prior to oral argument or waiver thereof, and by intimating appellate counsel might face sanctions if counsel argued matters covered by the written briefing. As we shall explain, we agree with defendant's concerns and find that the notice employed by the Court of Appeal creates a risk of interfering with the right to oral argument that is "unnecessary and inadvisable to incur . . . ." (*People v. Engelman* (2002) 28

---

there are two or more such parties, the court must set the sequence of argument. [¶] (2) Each side is allowed 30 minutes for argument. If multiple parties are represented by separate counsel, or if an amicus curiae—on written request—is granted permission to argue, the court may apportion or expand the time. [¶] (3) Only one counsel may argue for each separately represented party."

[5] In a number of more recent decisions following *Brigham, supra,* 25 Cal.3d 283, we have concluded that California law does not grant a right to present oral argument prior to the issuance of a peremptory writ in the first instance (*Lewis, supra,* 19 Cal.4th at pp. 1243–1261) or this court's denial of an attorney's request for review of a State Bar Court recommendation of disbarment (*In re Rose* (2000) 22 Cal.4th 430, 454–455 [93 Cal.Rptr.2d 298, 993 P.2d 956]), but neither *Lewis* nor *Rose* involved the right to present oral argument on direct appeal, and in this case the Attorney General has not questioned that under current California law a party has the right to present oral argument on direct appeal.

Cal.4th 436, 449 [121 Cal.Rptr.2d 862, 49 P.3d 209] (*Engelman*).) Accordingly, in the exercise of our supervisory power over the courts, we shall direct the Court of Appeal not to utilize the challenged form· in the future.

## B

█ We emphasize initially, however, that the Court of Appeal's adoption of a procedure under which it prepares and provides the parties with a tentative opinion prior to oral argument does not in itself improperly interfere with the right to present oral argument on appeal. In past decisions, this court has rejected challenges that have been directed against tentative rulings issued by trial courts. In *People v. Hayes* (1990) 52 Cal.3d 577 [276 Cal.Rptr. 874, 802 P.2d 376] (*Hayes*), we found unpersuasive the defendant's claim that he was deprived of "meaningful oral argument" on a motion for modification of a sentence of death by the trial court's preparation of a written tentative ruling prior to the hearing on the motion. We explained: "We find nothing objectionable in the court's studying the merits of a motion in advance of the hearing and reaching a tentative conclusion as to how the motion should be resolved. . . . Nor do we see anything improper in the court's having reduced its tentative ruling to writing. To do so does not mean that the court is unalterably bound by the writing or that it will not amend or even discard the writing if counsel's arguments persuade the court that its tentative views were incorrect. Nothing in the record indicates that the trial court failed to give due consideration to defense counsel's argument at the hearing." (*Id.* at p. 645.)

Furthermore, under circumstances similar to those in *Hayes*, we stated in *People v. Brown* (1993) 6 Cal.4th 322 [24 Cal.Rptr.2d 710, 862 P.2d 710] (*Brown*): "Based on this court's own practice and experience [citation], we know that tentative written determinations prepared prior to argument are both helpful to the court in collecting and organizing its thoughts, and not infrequently altered or even reversed after argument and further reflection. The suggestion that a defendant receives a 'less meaningful' hearing when the court prepares a tentative opinion is simply untenable." (*Id.* at pp. 339–340.)

█ Under the reasoning of *Hayes* and *Brown*, a tentative written decision does not interfere with the right to present oral argument so long as the court is not "unalterably bound by the writing" and gives "due consideration" to any oral argument presented to it. Although neither *Hayes* nor *Brown* considered the dissemination of a court's tentative decision to the parties prior to oral argument, we believe that the reasoning of those decisions applies with equal force to the Court of Appeal's distribution of a tentative opinion to the parties here. So long as the appellate court's decision is truly "tentative," that is, so long as the court is willing to "discard the writing if counsel's arguments persuade the court that its tentative views were incorrect" (*Hayes, supra,* 52 Cal.3d at p. 645), the drafting and dissemination of a

written tentative opinion alone does not. itself infringe upon the right to present oral argument on appeal.

**C**

In this case, however, the Court of Appeal did not simply send a copy of its tentative decision to counsel prior to oral argument, but rather the court combined the tentative decision with the oral argument waiver notice that is challenged here. As we shall explain, we believe the challenged notice is problematic in a number of respects.

One aspect of the notice here at issue that we believe improperly may discourage the exercise of the right to present oral argument on appeal is the notice's statement that the appellate court already has determined that oral argument "will not aid in the decision-making process" and has determined that its tentative opinion "should be filed as its final opinion without oral argument." As noted above, Division Two of the Fourth Appellate District adopted its tentative opinion program in order to streamline the oral argument process by providing appellate counsel with insight regarding which issues concerned the court, thus allowing counsel to better focus his or her oral argument[6] and, in many cases, enabling counsel to determine that requesting oral argument in the Court of Appeal is not likely to be fruitful and may not be a wise use of available resources. One important benefit of the tentative opinion procedure is to enable counsel at oral argument. to assist the court in avoiding errors in the court's ultimate opinion. (Hollenhorst, *Tentative Opinions, supra,* 36 Santa Clara L.Rev. at pp. 23–24 ["Where counsel have a draft opinion before oral argument, they also have the opportunity to aid the court by pointing out errors in the opinion"]; see also *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 872 [187 Cal.Rptr. 557, 654 P.2d 740] [" ' "Mistakes, errors, fallacies and flaws elude us in spite of ourselves unless the case is pounded and hammered at the Bar" ' "].) Further, "not infrequently oral argument develops a new issue overlooked or not adequately briefed. This gives the court an opportunity to instruct counsel to prepare supplemental briefing during a specified period." (Mosk, *In Defense of Oral Argument* (1999) 1 J. App.Prac. & Proc. 25, 27.)

■ A court also may properly convey to the parties that it is prepared to rule without oral argument. (See *United States v. Martinez* (5th Cir. 1992) 974 F.2d 589, 590–592 [after a court trial, defense counsel's silence after the trial court announced it was "prepared to rule and . . . did not consider

---

[6] Of course, an appellate court also properly may request counsel to focus upon specific issues of interest to the court either in a notice disseminated to the parties prior to argument or during oral argument itself.

arguments necessary" constituted a knowing waiver of the right to present closing argument]; *Kearney v. United States* (D.C. 1998) 708 A.2d 262, 264–265 [finding waiver of closing argument where defense counsel remained silent when the trial court stated, "I don't think closing arguments will be necessary; the evidence is fairly clear, and the question is one of credibility. All right[]?"].) Under such circumstances, a court is merely indicating to the parties that it has come to a tentative conclusion which the court is prepared to adopt as its final conclusion if the parties do not wish further argument.

The Court of Appeal here both distributed to the parties a tentative opinion and indicated, by way of the oral argument waiver notice, that the court was prepared to decide the case without oral argument. Either action would have been proper if the Court of Appeal had made clear to the parties and counsel that it nonetheless was fully open to further argument upon request, that is, that the appellate court was not "unalterably bound" by its tentative decision and was willing to "amend or even discard" its prior decision "if counsel's arguments persuade the court that its tentative views were incorrect." (*Hayes, supra,* 52 Cal.3d at p. 645; see *Moles v. Regents of University of California, supra,* 32 Cal.3d at p. 872 ["This aspect of oral argument—the chance to make a difference in result—is extremely valuable to litigants. If oral argument is to be more than an empty ritual, it must provide the litigants with an opportunity to persuade those who will actually decide an appeal"].) The language of the oral argument waiver notice employed here, however, strongly suggests that the Court of Appeal's "tentative" opinion was not in fact tentative. The notice states unequivocally the appellate court's assessment that "oral argument *will not* aid the decision-making process . . ." and that "the tentative opinion *should be filed* as the final opinion without oral argument . . . ." (*Ante,* at p. 394, italics added.) Given this strong language, we believe that a litigant or counsel reasonably could doubt whether oral argument would be "meaningful" (*Brown, supra,* 6 Cal.4th at p. 340) and whether the appellate court would give "due consideration" to oral argument (*Hayes, supra,* 52 Cal.3d at p. 645) were appellate counsel to decline to waive argument.

By suggesting the Court of Appeal already has decided the case without oral argument and that oral argument, if requested, would have no impact on its decision, the oral argument waiver notice here has the potential to improperly discourage the exercise of the right to present oral argument on appeal. Although the Court of Appeal did not preclude oral argument in the present case as the appellate court did in *Brigham, supra,* 25 Cal.3d 283, in our view the notice here at issue, by stating in advance that the appellate court has determined, based upon its evaluation of the merits, that oral argument will not affect the decisionmaking process, as a practical matter is likely to have an effect comparable to the appellate court action that we

disapproved in *Brigham*. A court is "obliged to display every indicia of having an open mind, subject to being persuaded by a logical and convincing argument, prior to announcing" its final decision. (*Spence v. State* (1983) 296 Md. 416, 423–424 [463 A.2d 808] [finding deprivation of right to present closing argument].) We conclude that the waiver notice employed here falls short of this standard. (Cf. *United States v. King* (4th Cir. 1981) 650 F.2d 534, 536–537 [trial court abridged right to present closing argument during court trial when it ruled without oral argument, then stated, after defense counsel objected, "Go ahead if you want to argue it. I have already made my finding. It's not going to change anything . . . ."].)

■ Respondent asserts that defendant's claim "exaggerates the notice letter's import, which simply informs counsel of the court's reasonable requirements for requesting oral argument." Respondent also notes that oral argument "may be, and often is, waived for varied and legitimate reasons" (*Kowis v. Howard* (1992) 3 Cal.4th 888, 899, fn. 3 [12 Cal.Rptr.2d 728, 838 P.2d 250]), and suggests there exists a "qualitative difference" between oral argument before the Court of Appeal, where review is mandatory and many legal issues previously have been decided, and before a "discretionary-review court" such as this court. As discussed, however, the notice here did more than merely inform counsel of the requirements for requesting oral argument; it stated in unambiguous terms that the appellate court "*has determined* that . . . oral argument *will not aid* the decision-making process, and . . . the tentative opinion *should be filed* as the final opinion without oral argument . . . ." (*Ante*, at p. 394, italics added.) Although the importance and value of oral argument has been debated,[7] the Attorney General does not question the existence of the right to present oral argument on appeal. The Court of Appeal, of course, has the authority to control the conduct of oral argument before it (see Rules of Court, rule 23(c)), and litigants may, and often do, waive oral argument. Nonetheless, we conclude that the language in the notice here at issue goes too far in dissuading a party from presenting oral argument on appeal.

## D

■ The oral argument waiver notice also had the potential to improperly discourage counsel from requesting oral argument by language in the notice

---

[7] (See, e.g., Rylaarsdam, *The Crisis of Volume in California's Appellate Courts: A Reaction to Justice in the Balance 2020 and a Proposal to Reduce the Number of Nonmeritorious Appeals* (1998) 32 Loyola L.A. L.Rev. 63; Hollenhorst, *Tentative Opinions, supra,* 36 Santa Clara L.Rev. at pp. 37–38; Martineau, *The Value of Appellate Oral Argument: A Challenge to the Conventional Wisdom* (1986) 72 Iowa L.Rev. 1; compare with Mosk, *In Defense of Oral Argument, supra,* 1 J. App.Prac. & Proc. at pp. 25–30; Bright, *The Power of the Spoken Word: In Defense of Oral Argument* (1986) 72 Iowa L.Rev. 35.)

stating that (1) if oral argument is requested, "[c]ounsel may not repeat arguments made in counsel's briefs," and (2) "[s]anctions may be imposed for noncompliance with this notice." The broad admonition that counsel may not repeat arguments made in the briefs appears, on its face, to be inconsistent with the general rule that "[a]n appellate court is not required to consider any point made for the first time at oral argument, and it will be deemed waived." (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356–357, fn. 6 [165 Cal.Rptr. 787, 612 P.2d 877]; see also *People v. Cardenas* (1997) 53 Cal.App.4th 240, 248, fn. 4 [61 Cal.Rptr.2d 583] [declining to address issue raised during oral argument but not discussed in briefing]; *Estate of Davis* (1940) 38 Cal.App.2d 579, 587 [101 P.2d 761] [same].)

Thus, under the literal language of the notice, if appellate counsel requested oral argument he or she faced the Hobson's choice of orally arguing a point made in the briefing and facing possible sanction, or raising only new points during oral argument that the appellate court properly could decline to entertain. Although ordinarily appellate counsel reasonably might anticipate that an appellate court would interpret the admonition that counsel not repeat arguments made in the briefs to mean simply that counsel is expected to avoid unreasonable and slavish repetition of the arguments raised in the briefs, in instances in which the appellate court has made it clear to counsel that it has determined that oral argument will not be of assistance, counsel understandably may fear that the appellate court might be less charitable in assessing whether counsel improperly has "repeated" an argument made in the briefs. Thus, in context, this aspect of the notice might be more threatening than it otherwise would be, especially because it is accompanied by the mention of possible sanctions from the court.

### E

For the reasons discussed above, we conclude that the oral argument waiver notice employed by the Court of Appeal in this case has the potential to improperly and unduly dissuade parties from presenting oral argument on appeal. In the exercise of our supervisory power over the courts of this state (see, e.g., *People v. Burgener* (2003) 29 Cal.4th 833, 861 [129 Cal.Rptr.2d 747, 62 P.3d 1]; *Engelman, supra,* 28 Cal.4th at p. 449), we direct the Court of Appeal to refrain from using this notice in future cases.[8]

---

[8] The Attorney General requests that we take judicial notice of a change made by the Fourth District Court of Appeal, Division Two, in its oral argument waiver notice after its decision in this case. The revised notice is the same in every respect as the notice employed here except for the addition of a single sentence at the end of the first paragraph, stating: "Nevertheless, if counsel disagrees with the court's determination and does not consider the delay significant, counsel should request oral argument." We grant the Attorney General's request for judicial notice. (See Evid. Code, § 452, subd. (h).)

We strongly emphasize, however, that our decision in the present case is by no means intended, and should not be viewed, as discouraging experimentation by the Courts of Appeal through the adoption of procedural innovations designed to streamline the appellate process. We are mindful that the appellate courts of this state face an increasing caseload (see Kelso, *A Report on the California Appellate System* (1994) 45 Hastings L.J. 433, 439–441) in the face of an uncertain financial climate. We applaud innovations, such as the tentative opinion program adopted by the Court of Appeal here, that are initiated to maintain the quality and integrity of the judicial process in spite of these obstacles. We simply conclude, for the reasons discussed above, that the particular waiver notice employed here is not a proper streamlining device. We note in this regard that other districts and divisions of the Courts of Appeal have drafted and utilized a variety of oral argument waiver notices that do not suffer from the same defects as those discussed in this opinion.

## V

We now turn to the question of the appropriate remedy in this case. In *Brigham, supra,* 25 Cal.3d 283, after concluding that the appellate court's "summary affirmance" of the defendant's conviction deprived him of his right to present oral argument on appeal, we went on to address the merits of the defendant's appellate claim ourselves, "[a]s a matter of judicial economy" (*id.* at p. 289), rejecting the claim and affirming the judgment of conviction. In *Moles v. Regents of University of California, supra,* 32 Cal.3d 867, by contrast, after concluding that the parties' right to oral argument on appeal was violated when the appellate court replaced one justice after oral argument but prior to final decision, we ordered the case "retransferred to the Court of Appeal for reargument and decision by a properly constituted panel." (*Id.* at p. 874.)

We conclude that a remand, akin to that employed in *Moles,* is appropriate here. Defendant's appellate counsel, in a petition for rehearing filed in the Court of Appeal, challenged the validity of the notice utilized by that court and informed the court that counsel had been deterred from seeking oral argument based upon the language of the notice. We limited review in this case to the question of the validity of the standard oral argument waiver notice employed by Division Two of the Fourth District Court of Appeal, and

---

Although the Attorney General argues in a supplemental brief that this revision "ameliorates" any possible concerns raised by the notice here at issue here, we disagree. The revised notice suffers from the same defects present in the notice employed in this case, by stating the court has determined that oral argument will not aid the decisionmaking process and indicating counsel may be sanctioned at oral argument for repeating arguments made in the briefs. Indeed, the Attorney General conceded in his oral argument before us that the revision worked only a "small change" and was not "significant."

consequently the parties have not briefed the substantive claims raised by defendant on appeal. Thus, we would have to request briefing on those issues before we could decide them ourselves, a procedure that would not promote judicial economy. Under these circumstances, the most appropriate remedy is for us to remand the matter to the Court of Appeal, with directions to calendar the matter for oral argument and to reconsider its decision in light of such argument.

## VI

The judgment of the Court of Appeal is reversed and the matter is remanded to that court with directions to calendar the matter for oral argument and reconsider the cause in light of such argument.

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

## Appendix

OFFICE OF THE CLERK

## Court of Appeal

STATE OF CALIFORNIA
FOURTH APPELLATE DISTRICT
DIVISION TWO

HENRY ESPINOZA
ASSISTANT CLERK/ADMINISTRATOR

STEPHEN M. KELLY
CLERK/ADMINISTRATOR

DIVISION TWO
3385 TWELFTH STREET
RIVERSIDE, CALIFORNIA 92
TELEPHONE (909) 248-020(

March 21, 2002

## NOTICE

Enclosed is the tentative opinion of a majority of the three-justice panel hearing the appeal. The court has determined that (1) the record and briefs adequately present the facts and legal arguments, (2) oral argument will not aid the decision-making process, and (3) the tentative opinion should be filed as the final opinion without oral argument in the interests of a quicker resolution of the appeal and the conservation of scarce judicial resources. Although the essential work of the court in this case has been completed, scheduling oral argument regularly delays filing of the opinion for six to ten weeks, and, if the case is continued, it can ultimately delay the filing of the opinion for up to five months until the same panel is again available. *Therefore:*

(1) ORAL ARGUMENT WILL BE DEEMED WAIVED UNLESS:

    (a) Counsel properly completes and signs the attached form,
       *and*

    (b) The box confirming the request for oral argument is checked,
       *and*

    (c) The clerk of this court receives the form on or before *12 days after the date of this notice.* (The 5-day extension for service by mail (CCP § 1013, subd. (a)) does *not* apply.)

NO RELIEF FROM DEFAULT WILL BE GRANTED UNDER ANY CIRCUMSTANCES IF THE REQUEST IS NOT TIMELY RECEIVED.

(2) No more than 15 minutes of oral argument is allowed for each party.

(3) Counsel may not repeat arguments made in counsel's briefs.

(4) No supplemental briefing is accepted without court order.

(5) No continuances are permitted except by court order.

(6) Sanctions may be imposed for noncompliance with this notice.

OFFICE OF THE CLERK

# Court of Appeal

STATE OF CALIFORNIA
FOURTH APPELLATE DISTRICT
DIVISION TWO

HENRY ESPINOZA
ASSISTANT CLERK/ADMINISTRATOR

STEPHEN M. KELLY
CLERK/ADMINISTRATOR

DIVISION TWO
3389 TWELFTH STREET
RIVERSIDE, CALIFORNIA
TELEPHONE (909) 248-01

May 22, 2002

# NOTICE

Enclosed is the tentative opinion of a majority of the three-justice panel hearing the appeal. The court has determined that oral argument will aid the decision-making process in this case. Limit and focus your oral argument according to the tentative opinion, which is, of course, subject to change in both language and result after oral argument.

(1) Notice of the date and time of oral argument will be mailed about 30 days in advance.

(2) No more than 15 minutes of oral argument is allowed for each party.

(3) Counsel may not repeat arguments made in counsel's briefs.

(4) No supplemental briefing is accepted without court order.

(5) No continuances are permitted except by court order.

(6) Sanctions may be imposed for noncompliance with this notice.

CALIFORNIA COURT OF APPEAL
FOURTH DISTRICT, DIVISION TWO

INSTRUCTIONS FOR REQUESTING ORAL ARGUMENT

This court mails a tentative opinion in every case with one of two different notices about oral argument.

If the court has decided that oral argument *will* aid the decision-making process, a notice has been included with the tentative opinion that the parties will be notified about 30 days in advance of the date and time of oral argument.

If the court has decided that oral argument *will not* aid the decision-making process, a 12-day notice of waiver of oral argument has been included with the tentative opinion. (Cal. Rules of Court, rule 22.1 [rule governing oral argument unless court orders otherwise].) With this kind of notice, a form to be used in waiving or requesting oral argument is also included. If, despite the court's evaluation that oral argument will not aid the decisionmaking process, you decide to request oral argument, then you must promptly and correctly fill out the included form and mail it back to this court so that it is received within 12 days of the date of the notice.

*The court does not grant relief from default in failing to timely request oral argument,* because the court has determined that oral argument will not assist the decisionmaking process. (Cal. Rules of Court, rule 45(e) [relief from default discretionary].) If a party has failed to timely request oral argument and objects to the final opinion, a timely petition for rehearing may be filed. (Cal. Rules of Court, rule 27.)

This procedure assists the court in timely resolving its cases, and the court thanks you for your cooperation.