Filed 1/21/26  Zmay v. Bank of America CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID ZMAY,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>          Defendants and Respondents. | A173634<br><br>(San Mateo County<br>Super. Ct. No. 24CIV05850) |

Bank of America, N.A. and Wilmington Trust National Association (together, the bank) foreclosed on David Zmay's home.  He sued, alleging — among other things — wrongful foreclosure and violations of the "California Homeowner Bill of Rights."  (Assem. Bill No. 278 (2011–2012 Reg. Sess.); Sen. Bill No. 900 (2011–2012 Reg. Sess.).)  The trial court sustained the bank's demurrer without leave to amend, and he appealed.  We reverse to allow Zmay to amend as to one claim but otherwise affirm.

## BACKGROUND

In 2006, Zmay secured a loan by deed of trust against his home.  The loan was the property's second position lien.  In 2021, he began trying to modify the loan after his COVID-related forbearance expired.

In March 2024, after "a drawn out back and forth between the two parties," Clear Recon Corporation — the bank's trustee — began foreclosure proceedings and recorded a notice of default after Zmay failed to keep current

1

on his payments.[1]  In June, the bank sent him a letter stating that his modification request was complete, but he needed to provide a utility bill verifying occupancy.  He provided the bill.

In June, the bank — through Clear Recon — recorded a notice of trustee's sale scheduled for August 21.  It attached a declaration to the notice of default stating it "[c]ontacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure in accordance with" Civil Code section 2923.55, subdivision (b)(2) (undesignated statutory references are to this code).  On August 24 — after the scheduled sale — Zmay received a payoff statement.  Upon receiving the statement, he called the bank.  It told him that, "as long as he included the daily interest amount past the original good to date they would acknowledge the payoff statement and reinstate the subject loan."  On August 27, he wired payment but was short the interest that accrued that day.  The bank refused payment and moved forward with the sale.

Zmay sued in September 2024 and, as relevant here, alleged the bank wrongfully foreclosed, violated the Homeowner Bill of Rights, and breached the implied covenant of good faith and fair dealing.  He sought declaratory and injunctive relief, and "damages accrued through being wrongfully foreclosed" and "for violations of the California Homeowner Bill of Rights." With respect to the bill of rights, he alleged the bank violated section 2924.17 by failing "to attach an accurate or complete Declaration of Compliance to show the due diligence that the Lender and/or Trustee made to contact the borrower," and violated former section 2924f by failing to post a notice of sale on the property in a conspicuous place.  He also alleged it failed to serve a notice of foreclosure sale upon him.

---

[1] All dates refer to 2024 unless otherwise indicated.

The trial court sustained the bank's demurrer without leave to amend and entered judgment. As to the wrongful foreclosure claim, the court concluded Zmay failed to state a cause of action because his payoff was incomplete. As to the Homeowner Bill of Rights claim, it concluded that section 2924.17 and former section 2924f do not apply to second position liens. As to the implied covenant of good faith claim, the court found that the deed allowed the bank to sell the property, and it thus concluded he failed to state a cause of action. Finally, it also sustained the demurrer as to requests for declaratory and injunctive relief.

## DISCUSSION

Zmay contends the trial court erroneously sustained the bank's demurrer. "When reviewing a ruling on a demurrer, we examine de novo whether the complaint alleges facts sufficient to state a cause of action." (*Liapes v. Facebook, Inc.* (2023) 95 Cal.App.5th 910, 919 (*Liapes*).) " 'We assume the truth of the properly pleaded factual allegations, [and] facts that reasonably can be inferred from those expressly pleaded.' " (*Ibid.*) "But we do not assume the truth of 'contentions, deductions, or conclusions of law.' " (*Ibid.*) "We liberally construe the complaint 'with a view to substantial justice between the parties,' drawing 'all reasonable inferences in favor of the asserted claims.' " (*Ibid.*) To succeed, "[t]he plaintiff must demonstrate the court erroneously sustained the demurrer and 'must show the complaint alleges facts sufficient to establish every element of each cause of action.' " (*Ibid.*) "Thus, if the defendants negate any essential element of a particular cause of action, this court should sustain the demurrer to that cause of action." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880, italics omitted.) "If another proper ground for sustaining the demurrer exists, this court will still affirm the demurrer[] even if the trial court relied

on an improper ground, whether or not the defendants asserted the proper ground in the trial court." (*Id.* at p. 880, fn. 10.) Finally, "we determine 'whether the trial court abused its discretion by sustaining the demurrer without leave to amend.' " (*Morris v. JPMorgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 292 (*Morris*).) "Abuse of discretion is established when ' "there is a reasonable possibility the plaintiff could cure the defect with an amendment." ' " (*Ibid.*) The plaintiff must demonstrate error. (*Id.* at pp. 292–293.)

## I.

Zmay argues that the foreclosure protections of the Homeowner Bill of Rights — specifically section 2924.17 and former section 2924f — apply to second position liens, that he properly alleged the bank did not comply with those obligations, and that the trial court erred by concluding otherwise. The bank agrees the sections apply to second position liens, but it argues he nonetheless failed to state a claim. We address each below.

## A.

Zmay contends he properly pled a cause of action under section 2924.17. Specifically, he argues he pled that the declaration attached to the notice of default — a declaration required by section 2923.55, subdivision (b)(2) — inaccurately stated the bank contacted him to assess his financial situation and explore options to avoid foreclosure, and the bank thus violated section 2924.17. We disagree.

Section 2924.17 "requires that certain documents recorded in connection with a foreclosure" — including a declaration under section 2923.55 — " 'be accurate and complete and supported by competent and reliable evidence' and that a mortgage servicer review 'competent and reliable evidence' to substantiate the default and right to foreclose before

4

recording such documents." (*Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 674; *Billesbach v. Specialized Loan Servicing LLC* (2021) 63 Cal.App.5th 830, 844.) Under section 2923.55, "[w]hen a servicer records a notice of default, the notice must generally include a declaration that the servicer has contacted the borrower or has tried to do so with due diligence." (*Billesbach*, at p. 844.) Reviewing and processing a loan modification application before recording a notice of default is sufficient to satisfy the requirements of section 2923.55, subdivision (b)(2). (*Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1121.)

The trial court did not err in sustaining the bank's demurrer and denying leave to amend. (*Schmidt v. Citibank, N.A.*, *supra*, 28 Cal.App.5th at p. 1121.) Although Zmay pled the declaration was inaccurate, he also pled facts admitting the bank complied with its obligations. He applied to modify the loan with the bank, and they had "a drawn out back and forth" concerning the modification. After, it told him that his modification request was complete and that he needed to provide a utility bill showing he occupied the property. He provided the bill. Therefore, the bank satisfied its obligations under section 2923.55, and it did not submit a false declaration in violation of section 2924.17. (*Ibid.*; *Adams v. Bank of America, N.A.*, *supra*, 51 Cal.App.5th at p. 674; *Billesbach v. Specialized Loan Servicing LLC*, *supra*, 63 Cal.App.5th at p. 844.) He has not demonstrated that he could cure this defect, and the court thus did not err in denying leave to amend. (*Morris*, *supra*, 78 Cal.App.5th at pp. 292–293.)

## B.

Zmay argues he properly pled a cause of action under former section 2924f, subdivision (b)(3). We disagree but conclude the trial court erred in denying leave to amend the claim.

5

Zmay alleged that, "based on information and belief, that supposed Notice of Trustee Sale was not posted in a conspicuous place," and the bank thus violated former section 2924f. He also alleged he "was never given a notice of [the] trustee's sale, either through verbal communication with the Trustee or visible [posting] of said notice. Plaintiff would only be made aware of it after the public auction had occurred."

The trial court did not err by sustaining the demurrer. (*Liapes*, *supra*, 95 Cal.App.5th at p. 919; *Aghaji v. Bank of America, N.A.* (2016) 247 Cal.App.4th 1110, 1120.) Former section 2924f required "the trustee to post a notice of sale at least 20 days before the date of sale at the property to be sold." (*Villa Zinfandel, LLC v. Bearman* (2025) 116 Cal.App.5th 848, 859.) But on demurrer, "we do not assume the truth of 'contentions, deductions, or conclusions of law.' " (*Liapes*, at p. 919.) Here, Zmay only pled the notice "was not posted in a conspicuous place" and that he "was never given a notice of [the] trustee's sale," but fails to identify facts in his complaint supporting that conclusion. (*Ibid.*) For example, he could have pled he still lived in the home, walked through the front door daily, visited the home during the 20-day period, or some other facts showing he would have noticed a conspicuous posting. (§ 2924f, subd. (b)(3) [for a single-family residence, posting shall be on door of residence]; *Bearman*, at p. 859.) Moreover, " 'a pleading made on information and belief is insufficient if it "merely assert[s] the facts so alleged without alleging such information that 'lead[s] [the plaintiff] to believe that the allegations are true.' " ' " (*Aghaji*, at p. 1120.) He does not cite the information that led him to believe the notice was not properly posted. Thus, the claim fails. (*Ibid.*) But we conclude the trial court erred in denying Zmay leave to amend. (*Morris*, *supra*, 78 Cal.App.5th at pp. 292–293.) There is a reasonably possibility he could cure the defects by amending his complaint to

6

plead facts and information from which the legal conclusion could be inferred. (*Ibid.*)

The bank's remaining arguments do not persuade us that amending the claim would be futile. Unlike the position it took below, it now cites section 2924, subdivision (a)(3), to argue the claim fails as a matter of law because nontrustees may not be liable under section 2924f. But the bank misquotes the section, which provides "the mortgagee, trustee, or other person authorized to take the sale shall give notice of sale." (§ 2924, subd. (a)(3).) Whether the bank fits into these categories is a mixed question of law and fact better suited for the trial court to resolve, and we decline to address it here given the outstanding factual questions. (*Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1211.) And although the bank invokes "the conclusive presumption" protecting bona fide purchasers, it also admits Zmay has remedies and causes of action that do not affect the purchaser. (See *Morris*, *supra*, 78 Cal.App.5th at pp. 313–315 [where " 'trustor is precluded from suing to set aside the foreclosure sale, the trustor may recover damages from the trustee' "].)

## II.

Zmay contends he properly pled the bank failed to serve him with the notice of sale as required by section 2924b, subdivision (b)(2). We disagree.

Under section 2924b, "a copy of the notice of trustee's sale—at least 20 days prior to the sale—must be mailed by registered or certified mail, postage prepaid, to the trustor, sent to his or her last known address if different from the address listed on the deed of trust." (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 88.) " 'A complaint, with certain exceptions, need only contain a "statement of the facts constituting the cause of action, in ordinary and concise language" ' " " 'and will be upheld " 'so long as [it] gives notice of

7

the issues sufficient to enable preparation of a defense.' " ' " (*Morris*, *supra*, 78 Cal.App.5th at p. 292.)

Zmay may not assert trial court error based on an unpled claim under section 2924b. Although he alleged "[d]efendants failed to serve Notice of Non-Judicial Foreclosure Sale upon Plaintiff," he did not assert any legal theory entitling him to relief under that section. Indeed, he cites to nothing in the complaint that even suggests he invoked it. Put simply, there is no notice in the complaint of an intent to seek remedies under it and there is thus no claim to which to demur. (*Morris*, *supra*, 78 Cal.App.5th at p. 292 [complaint must give sufficient notice of issue to enable preparation of defense].)

### III.

Finally, Zmay contends the trial court erred in sustaining the bank's demurrer to his wrongful foreclosure and breach of the implied covenant of good faith and fair dealing claims. Specifically, he argues his payment was short by a "minor" amount and "easily curable," and the court's focus on it was thus error under section 3275. But section 3275 does not apply to nonjudicial foreclosures. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 833–834.)

Zmay does not demonstrate he can cure the wrongful foreclosure or breach claims' defects. (*Morris*, *supra*, 78 Cal.App.5th at pp. 292–293.) He proposes incorporating violations of sections 2924.17, 2924f, and 2924b into them, but he does not demonstrate that doing so would allege facts supporting all elements of a wrongful foreclosure or breach claim. (*Morris*, at pp. 292–293; *Liapes*, *supra*, 95 Cal.App.5th at p. 919.)

8

**DISPOSITION**

The judgment is reversed and remanded with instructions to allow Zmay the opportunity to amend his complaint as to his claim under section 2924f. The judgment is otherwise affirmed.[2] Each party shall bear their own costs. (Cal. Rules of Court, rule 8.278(a)(1), (3), & (5).)

---

[2] Zmay implicitly concedes the remainder of his claims by failing to address the bank's points in reply. (*Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90.) We deny the bank's request for judicial notice as irrelevant (*In re Marriage of Kouvabina & Veltman* (2025) 115 Cal.App.5th 293, 298, fn. 1) and note it waived its right to oral argument by failing to timely request it. (*People v. Pena* (2004) 32 Cal.4th 389, 398 [oral argument waiver notice did not deny party opportunity to present oral argument because it allowed party to request oral argument within 12 days of receiving it].)

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A173634; *Zmay v. Bank of America, N.A. et al.*